## OCTOBER TERM, 1884.

### STONE v. O'BRIEN.

1. Where property is found by the officer in the actual custody of the person named in his execution, the levy thereon gives the officer lawful possession; and in such case a demand is an essential prerequisite to suit in replevin against the officer. But when the property is found in custody of a stranger to the writ, the officer's possession under his levy is wrongful and no demand is necessary.

2. Declarations of the party in possession, explanatory of the possession, or explanatory of the title he is claiming, may be given in evidence by himself or those holding under him, where either of these matters is properly in issue. But they are proof only that such was the character of the possession, or such was the title claimed; they are no evidence of the title actually held; and where the issue is, not what was the nature of the possession, nor what was the title claimed, but which party, plaintiff or defendant, was the actual owner, such declarations are not admissible.

*Appeal from County Court of Custer County.*

THE case is stated in the opinion.

Mr. GEO. S. ADAMS, for appellant.

Messrs. BLACKBURN and DALE, for appellee.

HELM, J. Replevin by appellee against appellant Stone, constable, holding under execution levy; appellee claims ownership of the property in controversy; cause tried to the court without a jury.

The proofs show that the animal had been purchased from Payne, the judgment debtor, by appellee; that a change of possession took place at the time of the purchase; that it was redelivered to Payne, as appellee's agent, for certain specified purposes; that Payne held such possession for a long period and exercised the usual acts of ownership. That on the day appellant levied the execution, the animal was in the possession of Payne's partner; but that such possession was without the knowledge or consent of Payne. No demand was made of the

appellant before suit brought; and a reversal is asked upon this ground.

Had the property been found by the constable in the actual custody of the person named in the execution, his possession thereunder would have been lawful; in such case a demand would have been an essential prerequisite to the replevin suit. Wells on Replevin, sec. 368, and cases cited.

The foregoing rule would probably also apply had the partner been holding possession as the employee or agent, for such possession would be that of the principal. But this was not the case; Payne supposed that the mare had been placed in pasture according to his directions; the possession, therefore, at the time of levy, was in no sense that of an agent. Being in possession of one *not* named in the execution, the taking by the officer was wrongful, and no demand was necessary. Wells on Replevin, sec. 369, and cases.

A more difficult question presented relates to the rejection of certain testimony. While in possession of the mare, after the sale to appellee, Payne, the vendor, on several occasions, made statements to third parties concerning the ownership thereof; these declarations were offered by appellant for the purpose of establishing Payne's title to the animal, and sustaining his levy; they were not made when Payne retook possession after sale, nor at the time of execution levy, but on various occasions during the period between these two acts.

The ground upon which their admission in evidence was sought is that the possession of property is a *continuing* act; and that declarations concerning the ownership thereof by the party in possession are admissible as a part of the *res gestæ* of such act.

The attempt to apply this doctrine to the case at bar gives rise to the following question: "Can a defendant in replevin give, in support of his defense, declarations made by himself, the plaintiff not being present, to third par-

ties, in favor of his own title to the property, while in possession thereof; both himself and the plaintiff asserting a right to the property, by virtue of ownership, and the issue being, to which does the property actually belong?"

It is true, the nominal defendant in this case is the constable, and not the party making the declarations; but the interest held under or through the execution levy was exactly the interest owned by Payne, the judgment debtor; no title could be levied on or sold, save and except that belonging to him; and the constable is in no better position, so far as the declarations under consideration are concerned, than Payne would be were he defendant in the action.

If these declarations were admissible, it was because — as claimed by appellant — they were a part of the *res gestæ* of the act of continuous possession.

There are cases which, upon superficial reading, seem to carry the doctrine of *res gestæ* to this extent; and there is at least one case in which this application of it was made. *Robeke v. Andrews,* 26 Wis. 311. But we are not prepared to admit that mere possession alone may properly be termed *an act* so as to justify the application of this branch of the doctrine of *res gestæ.*

The correct rule in this connection, certainly the safer and more equitable one, we conceive to be the following:

"Declarations of the party in possession, *explanatory of the possession, or explanatory of the title he is claiming,*" may be given in evidence by himself or those holding under him, where either of these matters is properly in issue. But they are "proof only that such was the *character of the possession,* or such was the title *claimed;*" they are no evidence of the title actually held; and where the issue is, not what was the *nature* of the *possession,* nor what was the title *claimed,* but which party, plaintiff or defendant, was the *actual owner,* such declarations are not admissible.

See dissenting opinions of Dixon, C. J., in *Robeke v. Andrews, supra.*

The instances under this rule when the declarations should be received, are where the *character* of the possession or *nature* of the *claim made*, " becomes material with a view to the determination of some ulterior question; " as, for instance, cases in which a right rests upon the statute of limitations, and it is necessary to show that the possession was adverse.

To say that in a case where the only issue is actual ownership, a party may support his title by proof of his own declarations to third persons on sundry occasions, not in the presence of the other claimant, is to declare that one may manufacture evidence for himself. The injustice of the rule contended for in this case becomes more apparent when we remember that the statements of A. proclaiming his ownership would be received, while those of B. declaring *his* title would be promptly rejected; possession being the test of admissibility; A., having hired or borrowed the horse from B., may support his fraudulent pretense of ownership by the testimony of numerous reputable citizens as to his declarations; while B., the real owner, may not call a single witness to prove what he has said on the subject, because, having loaned the animal to A., he was not in possession when he made the statements.

Declarations by a party in possession, against interest or in disparagement of title, are admissible under a different rule from the one we are now considering.

For a full discussion of this question, and careful collection and review of the cases, see the able dissenting opinions in *Robeke v. Andrews, supra.*

The court did not err in rejecting the declarations of Payne.

Appellant should, perhaps, have been permitted to answer the question as to who "pointed out the mare as Payne's property " at the time he levied upon her

under the execution; it may be that this evidence was proper as a part of the *res gestæ* of the act of making the levy; though there is doubt upon this question, we do not decide it; from the record it appears that appellee was not present, and the rejection of a statement made by some third person in his absence would not, even if erroneous, be sufficient in itself to justify a reversal of this case.

The judgment of the county court will be affirmed.

*Affirmed.*