SPERRY, WATT & GARVER v. ETHRIDGE.

1. **Attachment**: INTERVENTION: REMEDY NOT EXCLUSIVE. The remedy provided by § 3016 of the Code, allowing claimants of the attached property to intervene in the attachment suit, is not exclusive of other remedies already known to the law.

2. **Chattel Mortgages**: SUBSEQUENT ATTACHMENT: RIGHTS OF SECOND MORTGAGEE AS AGAINST ATTACHMENT. A second mortgagee of chat-

tels is entitled to their possession as against all the world except the first mortgagee, and where an officer siezes the mortgaged goods under a writ of attachment against the mortgagor, the second mortgagee may maintain an action against him to recover possession, or to recover damages for the conversion of the goods.

3. **Attachment:** SEIZURE OF MORTGAGED GOODS: WRIT NO DEFENSE. A writ of attachment issued out of the circuit court of the United States, directing the marshal to attach the property of A., is no defense in an action against him by A.'s mortgagee for seizing and converting chattels which were covered by the mortgage; for they were not, in contemplation of law, A.'s property.

4. **Removal of Causes to Federal Courts:** PETITION TOO LATE. An application for the removal of a cause to the federal court is properly overruled when not made at the first term at which it could be tried.

5. **Attachment:** SUIT AGAINST OFFICER: SUBSTITUTION OF PARTIES. Section 2574 of the Code has reference only to actions for the recovery of specific personal property seized by an officer, and does not allow the substitution of the attachment plaintiff for the sheriff in an action against the latter for trespass committed in serving the writ.

*Appeal from Polk Circuit Court.*

MONDAY, OCTOBER 25.

ACTION AT LAW. Trial by the jury. Judgment for the plaintiff, and defendant appeals.

*N. W. Bliss* and *P. Gad Bryan,* for appellant.

*H. S. Wilcox,* for appellee.

SEEVERS, J.—There are two counts in the petition. The first states that plaintiff was the owner of a stock of merchandise of the value of $1,500, which the defendant wrongfully took and converted to his own use. The second count states that the plaintiff had a lien on a stock of merchandise under and by virtue of two mortgages executed by George W. Hamilton to the plaintiff; that said merchandise is of the value of $1,500; and that the defendant seized and converted the same to his own use; and judgment was asked for $450, with interest. In 1882, the defendant answered the petition,

and pleaded that he, as deputy United States marshal, seized the goods under an attachment issued in a suit pending in the circuit court of the United States in favor of Marshall, Field & Co. against Charles Douglass and George W. Hamilton, and justified the seizure under such process. The defendant also pleaded that he did not seize all of the merchandise covered by the plaintiff's mortgage, but left a sufficient amount to more than satisfy the same, and that Perry, Cook & Towner had a prior mortgage on said goods, and thereunder were entitled to possession; and therefore it is claimed that the plaintiff, as second mortgagee, cannot maintain this action.

I.   It is insisted that, under section 3016 of the Code, the plaintiff should have presented its claim to the goods to the

1. ATTACH-MENT: remedy of claimant of property by intervention not exclusive.

court out of which the attachment issued.   That section, in substance, provides that any person, other than the attachment defendant, who disputes the validity of the attachment, or who has any interest in or lien on the property attached, may intervene in said action, and have his right determined in a summary manner.   We think this section simply provides an additional remedy, which the plaintiff might have adopted, but was not bound to adopt.

II.   Under their mortgage, Perry, Cook & Towner were entitled to the possession of the merchandise, (Code, § 1927;)

2. CHATTEL mortgages: subsequent attachment: rights of second mortgagee as against attachment.

and so was the plaintiff, as against all persons except Perry, Cook & Towner.   The defendant, by the seizure under the attachment, obtained such right to the possession of the merchandise as the attachment defendant had, and no more. It therefore follows that the right of the plaintiff to the possession of the goods is superior to that of the defendant.  As between Perry, Cook & Towner and the plaintiff, it may be conceded that the right of the former is superior to that of the latter.   But the defendant does not claim under Perry, Cook & Towner, but adversely to them and the plaintiff.  He

justifies the seizure under the attachment, and therefore cannot shield himself from liability, if the plaintiff under his mortgage has such a right, interest in, or lien on the merchandise as will enable it to maintain this action.

The plaintiff, as we have said, was entitled to the possession of the goods as against all the world except the prior mortgagees, and can, we think, maintain an action for a taking which was not in pursuance of the prior mortgage, and in defense of the right of the first mortgagees. It was so held in *Goldsmith v. Willson*, 67 Iowa, 662; *Newman v. Tymeson*, 13 Wis., 172. See, also, *Hotchkiss v. Hunt*, 49 Me., 213; *Morrill v. Keyes*, 14 Allen, 222. In *Googins v. Gilmore*, 47 Me., 9, it is said: "It is well settled law that an action will lie for damages to a reversionary interest in personal property;" citing *Forbes v. Parker*, 16 Pick., 462. As the plaintiff was entitled to the possession, he can well maintain an action to vindicate such right, or he can well maintain an action of trespass to recover damages which he has sustained by the wrongful act of the defendant in depriving it of such right. We deem it proper to say that the merchandise covered by the mortgages, which was not seized by the defendant, was taken and sold under the prior mortgage.

III. It is said that, as the defendant seized the goods in his official capacity, under process which issued out of the circuit court of the United States, and he holds the goods subject to the order of said court, that is a bar to this action. The process under which the defendant was acting directed him to attach the property of Charles Douglass and George W. Hamilton. Such process did not authorize him to attach the property of any one else. He therefore was not justified in seizing the property of the plaintiff. *Buck v. Colbath*, 3 Wall., 334; *Sharpe v. Doyle*, 102 U. S., 686.

3. ATTACHMENT: seizure of mortgaged goods: writ no defense.

IV. In 1884 the defendant filed a petition asking that the cause be transferred to the United States circuit court,

4. REMOVAL of causes to federal courts: petition too late. on the ground that the merchandise had been eized under process which issued out of such court, and that the validity of such process, and the service thereof, is involved in this action. The relief asked was refused. Counsel for the appellant have not cited the statute of the United States, or any authority upon which they rely, and therefore we deem it sufficient to say that we suppose the court declined to transfer the case because the application was not made at the term at which the cause could be first tried, and that in so doing it did not err.

V. The defendant also asked that the attachment plaintiffs be substituted as defendants. This was refused, and it 5. ATTACHMENT: suit against officer: substitution of parties. is claimed that under sections 2572 to 2574 of the Code the court erred in this respect. The sections cited have reference to actions for the recovery of specific personal property, and this is not such an action.

Objections are made to the instructions given, and it is urged that certain instructions asked should have been given. We deem it sufficient to say that, in our opinion, the instructions given are clearly correct, and that they cover the whole ground.

The judgment of the circuit court is

