[No. 18066. Department One. — March 9, 1893.]

MARY B. BLACK, RESPONDENT, *v.* JOHN CLASBY ET AL., APPELLANTS.

ATTACHMENT — SEIZURE OF GOODS OF THIRD PERSONS — TRESPASS — DE-MAND. — Where, prior to the amendment of 1891 to sections 549 and 689 of the Code of Civil Procedure, a sheriff, under a writ of attachment against one person, seized the goods of another, which, at the time of seizure, were in the custody either of the owner or of a person other than the defendant in the writ, he was a trespasser *ab initio,* and no previous demand was necessary to authorize a recovery for such trespass.

APPEAL from a judgment of the Superior Court of Colusa County.

The facts are stated in the opinion of the court.

*H. M. Albery,* and *K. Albery,* for Appellants.

*B. F. Howard,* for Respondent.

HARRISON, J. — The defendant Clasby was the constable of the first judicial township in the county of Colusa, and as such officer seized and took into his possession, under a writ of attachment issued out of the justice's court for that township, in the action of *W. W. Ludy* v. *Henry B. Black,* certain personal property belonging to the plaintiff. At the time of its seizure, a portion of the property was in the possession of the plaintiff, and another portion in the possession of one Spencer, who was holding it as bailee for the plaintiff; but none of it was in possession of the defendant in the writ. A few days after its seizure, the plaintiff orally demanded the property of the constable, and upon his refusal to surrender it, brought this action, for the value of the property alleged to have been converted, against him and the two other defendants, who were sureties upon his official bond. Judgment was rendered in her favor, and the defendants have appealed therefrom.

When the sheriff, under a writ of attachment, or of execution against one person, seizes the goods of another, which at the time of seizure are in the custody either of the owner or of a person other than the defendant in the writ, he is a trespasser *ab·initio,* and no previous demand is necessary to authorize a recovery therefor. (*Boulware* v. *Craddock,* 30 Cal. 190; Murfree on Sheriffs, secs. 270, 270 a.)

The appellant claims that by the amendments of 1891 to sections 549 and 689 of the Code of Civil Procedure (Stats. 1891, p. 20) this rule has been changed, and that under the present provisions of these sections the judgment herein cannot be sustained, for the reason

that the plaintiff did not present to the constable a written claim for the property in the form therein designated. We do not find it necessary, however, to pass upon the effect of these amendments, or to construe the sections as amended, as the present case must be determined without regard to them. The property of the plaintiff herein was seized by the officer on the 16th of April, 1891, and the plaintiff's right of action for its conversion was complete on that day, and was not taken away or impaired by the foregoing amendments, as these did not take effect till May 2, 1891.

The judgment is affirmed.

PATERSON, J., and GAROUTTE, J., concurred.