[No. 2324.]

## BEAMAN, SHERIFF, v. STEWART.

1. **Measure of Damages—Conversion of Property.**

The measure of damages for the conversion of property is its value at the time of conversion, with legal interest from the time of conversion.

2. **Same—Evidence—Market Value—Purchase Price.**

In arriving at the measure of damages for property converted it is sometimes proper to take into consideration the cost of the property; but where, in an action for the value of a phaeton, there was ample evidence as to its market value at the time of its conversion, and plaintiff testified that he purchased it for his own use at a nominal price, it was not error to refuse to permit defendant to question plaintiff as to what he paid for the phaeton.

3. **Measure of Damages—Purchase Price—Evidence—Instructions.**

In an action for the value of property converted, where there was no evidence as to the price paid for it by plaintiff, an instruction to the effect that the measure of damages was the amount paid for the property, was properly refused.

4. **Estoppel—Executions—Notice of Ownership of Property.**

Where at the time defendant, a sheriff, levied on certain property, he was told by plaintiff that the property did not belong to the execution defendant, to which defendant responded that he was indemnified and was acting under advice from the attorney of the execution creditor, and that he intended to make the levy, and did make it, the plaintiff was not estopped to maintain an action for the property because he failed to notify the sheriff that he was the owner of the property before the levy was made.

*Appeal from the County Court of Pueblo County.*

Mr. WILLIAM B. VATES, for appellant.

Mr. H. G. BELL and Mr. L. A. CRANE, for appellee.

MAXWELL, J.

This suit was commenced in the court of a justice of the peace. The facts must be gained from an examination of the record made in the county court where the case was tried on appeal from the justice of the peace.

Stewart, appellee, sued Beaman, appellant, to recover the value of a phaeton and top buggy, which Beaman, as sheriff of Pueblo county, had levied upon and sold under and by virtue of two writs of execution, issued out of the district court of Pueblo county, against The F. H. Stewart Carriage Company, a corporation, of which Stewart, appellee, was president, or acting president, at the time the carriage company (some three months previous to the happening of the events herein) went out of business, not by statutory dissolution, but by a distribution of its property among some of its creditors, and turning over its place of business to a partnership, consisting of appellee and John H. Frost, under the firm name of Stewart & Frost, who were in possession of the premises, and in whose custody was the personal property at the time the sheriff made the levy.

The case was tried in the county court to a jury, which returned a verdict in favor of appellee, upon which judgment was rendered and this appeal therefrom.

Eighteen errors are assigned, which, for convenience, may be arranged for consideration as follows:

First. Did the court err in refusing to permit appellant to interrogate appellee as to what he paid for the phaeton, and in refusing to instruct the jury that the measure of appellee's damages was the amount paid by him for the vehicles.

Second. Was there error in the court's refusal to instruct the jury that an estoppel arose against the appellee, because it was shown that he mixed his own goods with those of others, upon which executions were levied in his presence, and by his statements and conduct at the time the levies were made.

First. The measure of damages for the conversion of property is its value at the time of conversion, with legal interest from the date of conversion. —*Schluter et al. v. Jacobs,* 10 Colo. 449; *Sutton v. Dana,* 15 Colo. 100; *Sylvester v. Craig,* 18 Colo. 48; *Hannan v. Connett,* 10 Colo. App. 171.

In arriving at such value it is proper, in some cases, to take into consideration what the property cost, as a circumstance to aid in arriving at its value at the time in question.

In the pending case appellee testified that he had purchased the property in controversy for his own use at a "nominal price," and, with another witness, testified to the market value of the property at the time of conversion. There was abundant competent evidence before the jury as to the market value of the property at the time when it was taken, and as the verdict of the jury was evidently arrived at by taking an average of the testimony introduced, as to the value of the property, we do not believe there was prejudicial error in refusing to permit the appellant to interrogate appellee as to the price he paid for the phaeton. There was no attempt to prove what appellee paid for the top buggy.

Evidence of the price paid by appellee having been excluded, there was nothing in the record upon which to base an instruction to the effect that the measure of damages was the amount paid for the vehicles, and hence such an instruction was properly refused.

Second. The statement of the second proposi-

tion relied upon by appellant involves an assumption
which is not justified by the facts as they appear from
the record. It was not shown that appellee had mixed
his goods with those of others, upon which executions
were levied in his presence.

The executions were against the carriage com-
pany. The evidence showed that the property levied
upon was not the property of the carriage company,
but was the property of the appellee and others
against whom there were no executions.

It follows, therefore, that the authorities cited
by appellant in support of the proposition that it is
the duty of a party who mixes his goods with others,
which are subject to the levy of an execution, to point
out to the officer the goods owned by him, and if he
fails to do so he is estopped from afterward claiming
them, are not in point.

Before the sheriff made the levy, appellee in-
formed the sheriff that the property upon which he
said he intended to make the levy, and upon which he
subsequently levied, was not the property of The F.
H. Stewart Carriage Company, but did *not* inform
him that he was the owner of the property in contro-
versy in this action. In reply to this the sheriff said
to appellee that he was indemnified, was acting under
instructions of the attorney of the judgment cred-
itors, came for the purpose of making the levy,
intended to make it and did make it. The morning
after the sheriff made the levy, appellee made a writ-
ten demand upon him for the return of the property
in controversy, which was refused, and this suit com-
menced within three days thereafter.

It is insisted by appellant that appellee is
estopped from maintaining this action by reason of
his failure to notify the sheriff, before the levy was
made, that he was the owner of the particular prop-
erty involved in the pending litigation.

We do not think that the testimony in this case established the existence of the essential and necessary elements of an estoppel.

The elements constituting an estoppel and essential and necessary thereto are clearly settled by the courts of this state in *Patterson v. Hitchcock*, 3 Colo. 536; *Griffith v. Wright*, 6 Colo. 250; *Ayer v. Younker*, 10 Colo. App. 28, and *C. F. & I. Co. v. Lenhart*, 6 Colo. App. 516.

There is nothing in the record in this case to indicate that the appellee said or did anything, or failed to say or do anything, at or before the time the sheriff made the levy, which was intended or calculated to deceive or mislead the sheriff, and with the intention of inducing the sheriff to act thereon, and there is nothing to indicate that the sheriff was induced to act upon any statement made by the appellee at or before the time the levy was made.

In *Patterson v. Hitchcock, supra,* the following among others are given as essential and necessary elements of an estoppel: "4—It must have been made with the *intention* that the other party should act upon it. 5—The other party must have been *induced* to act upon it."

The absence of these essential and necessary elements of an estoppel in this case is fatal to appellant's contention.

Failing to perceive any error in the record, the judgment will be affirmed.          *Affirmed.*