[No. 5021.]
[No. 2572 C. A.]

Beaman as Sheriff v. Stewart et al.

**Executions—Wrongful Levy—Damages—Demand.**

Where plaintiffs' property was levied upon and taken from
their possession under an execution against another party, the
taking was tortious and constituted a conversion, and a demand
for possession of said property was not necessary before com-
mencing an action against the sheriff for damage for such wrong-
ful taking and conversion.

*Appeal from the District Court of Pueblo County:
Hon. N. W. Dixon, Judge.*

Messrs. Bicksler, McLean & Bennett, for ap-
pellant.

Mr. A. W. Arrington, Mr. L. A. Crane and
Mr. H. G. Bell, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

This was an action brought by Stewart & Frost, as plaintiffs, against defendant Beaman as sheriff of Pueblo county, for damages alleged to have been sustained by plaintiffs on account of the wrongful and unlawful taking and detention by defendant of certain personal property of plaintiffs.

The answer was a general denial, an admission of the taking and detention, a justification under certain writs issued out of the district court of Pueblo county against the property of The F. H. Stewart Carriage Company, and that the property was not the property of plaintiffs but was the property of the carriage company.

A trial to a jury resulted in a verdict and judgment for plaintiffs.

The court instructed the jury, in substance, that under the evidence the property involved was the property of Stewart & Frost, and that the only question for the jury to consider was the question of damages.

This instruction is called in question on the ground that it excluded from the consideration of the jury the question of a demand for possession of the property prior to the commencement of the action.

Appellant contends that the cause of action alleged in the complaint is not one of conversion of property, but for unlawfully and wrongfully taking and detaining, and that therefore allegation and proof of a demand for its possession was necessary prior to the commencement of the suit.

*Reithmann v. Godsman,* 23 Colo. 202, and *Moynahan v. Prentiss,* 10 Colo. App. 295, are cited in support of this position.

The facts in the cases cited render them of no value as authorities on the point here under consider-

ation, and further the question here presented was not ruled in those cases.

Herein the property was taken from Stewart & Frost, the owners thereof, under writs against the carriage company, hence the seizure was wrongful in the first instance, and demand therefor prior to the commencement of the suit was unnecessary.— *Stone v. O'Brien,* 7 Colo. 458; *Smith v. Jensen,* 13 Colo. 213.

In *Schluter v. Jacobs,* 10 Colo. 449, 454, it is said: "It is well settled that the taking by attachment of personalty not the property of the defendant in the attachment is a tortious taking, and constitutes a conversion of such property."

In principle there is no difference between taking by attachment and taking by execution.

It is settled in this state by the above cases that in actions for the wrongful taking and detention or for the wrongful conversion of personalty, demand therefor prior to the commencement of suit is unnecessary where the taking or seizure was wrongful in the first instance.

There was no error in the instruction.

The question of estoppel urged by appellant is decided adversely to his contention in *Beaman v. Stewart,* 19 Colo. App. 222, 226, a case which seems to be connected with the case in hand and wherein the facts as there stated are substantially the facts of this case.

Furthermore, an estoppel was not pleaded and therefore could not have been relied upon as a defense.

No error appearing in the record, the judgment will be affirmed.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.