[No. 5060.]
[No. 2626 C. A.]

## Lowe et al. v. Donnelly.

1. **Practice in Civil Actions—Replevin—Evidence—Bill of Sale —Admissibility.**

In an action of replevin for a mare, a writing signed by the plaintiff, showing a trade whereby he received ·the mare from the defendant, does not constitute a bill of sale showing title in him; and it can be considered as nothing more than a memorandum made by plaintiff, and as such, a self-serving statement or declaration, and therefore inadmissible as evidence.—P. 294.

2. **Same — Jury—Trial—Evidence—Instructions — Presumptions of Fact.**

In an action of replevin for a mare, where the evidence showed that it had been removed from the state by the defendant, but there was no evidence tending to show that the purpose of the removal was to render it impossible to show the description and identity of the animal, an instruction that if it was removed for that purpose the inference is that the facts to be shown by an exhibition of the mare would be unfavorable to the defendants, is erroneous; for if the facts upon which the instruction was predicated had been established, the instruction would have invaded the province of the jury, as a presumption of fact is an inference or conclusion of the existence of a fact from some other fact which has been established, and it is for the jury and not for the judge to draw presumptions of fact.—P. 295.

*Appeal from the District Court of Phillips County.*
*Hon. E. E. Armour, Judge.*

Action by E. L. Donnelly against Mary F. Lowe and William Lowe. From a judgment in favor of plaintiff, defendant appeals.

*Reversed.*

Messrs. Allen & Webster and Mr. W. D. Kelsey, for appellants.

Mr. Wm. T. Rodgers and Mr. J. S. Bennett, for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

This was an action in replevin for a black mare, or the value thereof.

A jury trial resulted in a verdict and judgment in favor of plaintiff, appellee here.

About the same number of witnesses testified on each side of the case, to establish the identity and ownership of the animal; plaintiff claiming that the animal was about 6 or 7 years old, with certain marks and brands; the defendants, that the animal was 3

or 4 years old, with certain other marks and brands. Both parties attempted to give the history of the animal from its birth.

The crucial point in the case was the identity of the animal.

The evidence of the respective parties was utterly irreconcilable.

Under the settled rule of this court, the evidence and judgment would not be disturbed, provided the rulings of the court were without prejudicial error.

Plaintiff claimed title to the animal in question by purchase from one Mrs. L. M. Gathe.

Over objection of defendants, the plaintiff introduced in evidence the following paper:

"I, Edd Donnelly, traded this day, October 3rd, 1900, to Mrs. L. M. Gathe 2 Heifers coming 3 Branded ♋ on one left shoulder, D on the other, For one Black Mare 6 years old passed, Branded 7

EDD DONNELLY."

The foregoing paper, termed by counsel for appellee a bill of sale, was introduced as substantive evidence of plaintiff's title, not as a memorandum made at the time of the transaction, used for the purpose of refreshing the memory of the witness. It is signed by plaintiff, not by Mrs. Gathe, the alleged vendor, is not a bill of sale, and can be considered as nothing more than a memorandum made by plaintiff, and, as such, a self-serving statement or declaration, and therefore it was inadmissible.—*Stone v. O'Brien*, 7 Colo. 458, 460.

In view of the fact that the testimony was quite evenly balanced, the reception as evidence of this paper was not without prejudice to the defendants.

The following instruction was given to the jury over the objection of the defendants:

"If the jury believe from the evidence that the defendants, or either of them, removed or caused to be removed from the jurisdiction of this court, or from the state of Colorado, the mare in controversy in this action, to render it impossible to show the description and identity of said mare by view and examination by the jury, then the inference is irresistible that the facts to be shown by an exhibition of said mare would be unfavorable to the defendants, and you have a right to act on such presumption."

Defendant's evidence upon this point was, that Mrs. Gathe, or the Gathes, had twice taken the animal from the possession of the defendants; that defendants had twice retaken it; that the defendants lived near the Nebraska line; that, shortly after defendants secured possession of the animal the second time, having no stable accommodations for the animal, before the commencement of this suit, defendants sent it to Nebraska, where it had been before, for pasturage and sale, and to prevent Mrs. Gathe or the Gathes from getting it.

There was not a syllable of testimony tending to prove that the deportation of the animal was *to render it impossible to show the description and identity* of the animal, hence the objectionable instruction was predicated upon the existence of a fact which there was no evidence to establish, and it was, therefore, unwarranted.—*Empson Packing Co. v. Vaughn*, 27 Colo. 56, 73, and cases cited.

The animal itself could not have been substantive evidence in the case, nor could it have been introduced in evidence by the defendants over the objection of plaintiff; no demand for its production at the trial was made by plaintiff, and no application for an order for inspection was made by plaintiff, conceding, but not deciding, that Mills' Ann. Code, § 188, authorizes the court, in its discretion, to order

a view by the jury of personal property, the subject of the litigation.

Therefore, under the facts as stated, no presumption of law unfavorable to the defendants arose, certainly no *irresistible* presumption or inference.

If the facts upon which the instruction was predicated had been established, the instruction would have invaded the province of the jury, as a presumption of fact is an inference or conclusion of the existence of a fact, from some other fact which has been established. It is for the jury, and not for the judge, to draw presumptions of fact.—Thompson on Trials, § 2290.

In principle, the case of *Cartier v. Troy Lumber Co.*, 138 Ill. 533, is somewhat parallel to the case in hand.

The trial court gave the following instruction:

"If you believe from the evidence that the defendant, Cartier, has in his possession or under his control, so that he might have produced them, books or papers which contain evidence material to this case, which he has not produced in evidence, you have a right to presume that such books and papers, if produced in evidence, would be injurious to his case, unless you find that such presumptions have been refuted by the other credible evidence in the case."

In its opinion, the court says:

"It is said, however, that other books, maps, contracts, etc., were withheld. Some of those were pointed out in the argument; but it is not shown that they were called for by the plaintiff, nor that they would have been competent evidence on behalf of the defendant if they had been offered. We are unable to see how they could have been introduced on his behalf as primary proof, without the consent of the plaintiff. No presumption against him could, there-

fore, arise from his failure to produce them. Whatever inferences may be drawn against the party by reason of his failure to produce evidence in his possession or under his control, are allowed on the theory that he wilfully withholds such evidence. His conduct, says Greenleaf, is attributed to his supposed knowledge that the truth would have operated against him.   *   *   *   He is treated in law as a 'spoliator of evidence.'   *   *   *   It will not be seriously contended that a party is to be treated as a 'spoliator of evidence' merely because he does not produce books and papers which he could only offer in evidence by consent of his adversary, or because some fact might be developed on the trial which would render them competent.   *   *   *   The case is certainly one falling within the rule that where the evidence is conflicting and irreconcilable, the instructions to the jury must be accurate. Here, on the evidence actually before the jury, a verdict might well have been rendered either way. The jury is told, however, that from the mere absence of evidence they may presume against the defendant to the injury of his case. To what extent that injury might have been carried in the minds of the jury no one can tell. It furnished a broad ground upon which to condemn the entire defense. No one can say with confidence that it may not have seriously prejudiced the defendant's right. The giving of it was manifest and prejudicial error, for which the judgments of the circuit and appellate courts are reversed, and the case remanded to the circuit court for another trial.''

Peculiarly applicable to the case under consideration is the latter portion of the above quotation.

In view of the conflicting and irreconcilable evidence in this case, the instruction necessarily had great influence with the jury, always alert to secure

from the trial judge some intimation of his opinion as to how the case should be decided.

For the errors committed in admitting as evidence the memorandum referred to, and in giving the instruction quoted, the judgment will be reversed.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.