SAM DIMSDALE, Plaintiff and Appellee, v. THE TOLERTON-WARFIELD COMPANY, Defendant and Appellant.

**Attachment:** INTERVENTION: ABATEMENT. A third party may intervene in a suit in attachment and claim the attached property, but there is no rule by which a third person may be required to intervene on the theory that he has an interest in attached personal property; and the fact that the plaintiff makes such third person a party defendant will not prevent him from maintaining an independent action for conversion.

**Appeal:** ABSTRACT: REVIEWABLE QUESTIONS. Where an instrument offered in evidence is not set out in an abstract the court on appeal can not determine whether it was admissible or whether it was prejudicial if improperly admitted.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

TUESDAY, JUNE 6, 1911.

ACTION for damages for the alleged conversion of a

stock of goods belonging to plaintiff. There was a verdict and judgment for the plaintiff, and defendant appeals. *Affirmed.*

*Johnston Bros.,* for appellant.

*Henderson & Fribourg* and *M. M. White,* for appellee.

EVANS, J.—The conversion charged in this case consisted in the wrongful seizure of plaintiff's stock of goods under a writ of attachment. Such writ of attachment was sued out by the Tolerton-Warfield Company, defendant herein, in an action brought by it as plaintiff against A. Dimsdale, a brother of the plaintiff herein. The stock of goods was seized under such writ of attachment as the property of A. Dimsdale. Such seizure occurred on April 9, 1908. On April 10, 1908, the plaintiff herein served upon the sheriff a written notice of ownership as provided by statute. The defendant herein as plaintiff in such attachment suit indemnified the sheriff, and in May, 1908, the property was sold under such proceedings as the property of A. Dimsdale. The stock of goods in question was located in Ida county, and the attachment suit was there brought. The principal issue of fact at the trial of the case at bar was whether such stock of goods was the property of Sam Dimsdale or of A. Dimsdale. The verdict of the jury was adverse to the appellant in that regard.

I. As a second count of its answer the defendant set up a plea of abatement. It averred that there was a prior action pending between the same parties and involving the same issues. It set up the pleadings and the state of the record in the attachment suit brought in Ida county which has already been referred to herein. To this plea of abatement a demurrer was sustained and complaint is

1. ATTACHMENT: intervention: abatement.

made of such ruling by the trial court. Such attachment suit was an action at law on account against A. Dimsdale alone and aided by attachment against him. However, on July 14, 1908, the plaintiff in such suit (defendant herein) filed an amendment to its petition therein. It made S. Dimsdale a defendant, and served him with notice of such amendment. Such amendment was as follows:

Comes now the plaintiff, and for amendment to its petition hereto filed and alleges, as it is informed and believes, the defendant S. Dimsdale claims to be the owner or have some interest or title in and to certain property which was owned by defendant A. Dimsdale and located at Ida Grove, Iowa, formerly known as the 'Gemmill Grocery Stock,' consisting of a general line of groceries and grocery fixtures, but plaintiff alleges and avers the facts to be that said property was the property of the said A. Dimsdale and whatever interest the said S. Dimsdale may have in and to said property, if any, that the same is junior and inferior to the lien of the plaintiff's attachment levied upon said property. Wherefore plaintiff prays that judgment may be entered against both defendants, ordering and directing the sale of said attached property for the purpose of satisfying plaintiff's' claim, as alleged in its original petition.

S. Dimsdale appeared in response to the notice served upon him, and by motion and demurrer challenged the right of the plaintiff therein to join him as a defendant in such action or to obtain any relief therein as against him. Such demurrer has never been ruled on, although the main action against A. Dimsdale appears to have been disposed of by final judgment on account and by sale of the property. The plea of abatement pleaded herein is based upon such amendment filed July 14, 1908, in the attachment suit and which is above set forth. It will be observed that there was no claim in such attachment suit that S. Dimsdale was liable to the plaintiff therein to any extent as debtor on such account. It claimed judgment

on its account against A. Dimsdale alone. The defendant, A. Dimsdale, does not appear to have made any defense. Neither the grounds of the attachment nor the ownership of the attached property were in issue in such case.

The defendant debtor could have put the grounds of the attachment in issue by a counterclaim for damages, and S. Dimsdale as claimant of the attached property could have put its ownership in issue by an intervention under the provisions of section 3594 of the Code. But we know of no statute, nor rule of practice or pleading by which the plaintiff could compel S. Dimsdale to intervene in such action. The amendment filed by the plaintiff in the attachment suit is analogous in form to the statutory petition to quiet title to real estate, or to a bill *quia timet*.

There was no warrant for it under our statutes or our practice. Appellant urges that it was authorized by section 3462 of the Code, which is as follows: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the question involved in the action, except as otherwise expressly provided."

It is sufficient to say that as to the ownership of the attached property there was no controversy disclosed between plaintiff in the attachment suit and the debtor defendant, A. Dimsdale. The only issuable allegations of the petition as against the original defendant, A. Dimsdale, were those that charged the indebtedness and the amount of it. The later amendment filed did not charge that S. Dimsdale had any interest in such controversy. We think the trial court properly sustained the demurrer to the plea of abatement in the case at bar.

II. The trial court permitted the plaintiff to introduce in evidence a certain letter, "Exhibit 6," over the objections of the defendant, and complaint is made of such

ruling.  Appellant has omitted such letter from his ab-

2. APPEAL: ab-
stract: re-
viewable
questions.

stract, and we have no means of knowing whether it was admissible for any purpose or whether it could have been prejudicial if improperly admitted.  Three other claims of error are made and are briefly referred to without argument.  We see nothing in any of them that went beyond the fair discretion of the trial court.

The judgment below must be *affirmed.*