[Civil No. 2229.   Filed February 17, 1925.]

[233 Pac. 588.]

# JOHN MONTGOMERY, Sheriff of Maricopa County, Arizona, Appellant, v. AMOS H. KIRKSEY, Appellee.

1. ATTACHMENT — OWNER OF WRONGFULLY ATTACHED PROPERTY NOT REQUIRED TO PURSUE STATUTORY REMEDY, BUT MAY SUE FOR VALUE —"MAY."—Although owner of wrongfully attached property under Civil Code of 1913, paragraph 1648, may claim it under paragraphs 1649–1651, or as permitted by paragraphs 1410, 1411, in view of paragraph 1407, giving an officer levying attachment authority to require indemnity, claimant is not required to pursue such remedies, but may sue officer for value of property; "may" being permissive in meaning.

2. SHERIFFS AND CONSTABLES — OFFICER IS LIABLE FOR SEIZURE OF PROPERTY NOT BELONGING TO DEFENDANT.—Officer is civilly liable for seizing and levying on property not belonging to defendant in process under which he acts.

3. APPEAL AND ERROR — SUPREME COURT WILL NOT INTERFERE WITH FINDING FAIRLY SUSTAINED BY EVIDENCE. — The Supreme Court will not interfere with finding on conflicting testimony, fairly sustained by evidence.

4. SHERIFFS AND CONSTABLES—EVIDENCE HELD TO SUPPORT FINDING OF $700 DAMAGES FOR WRONGFUL ATTACHMENT OF AUTOMOBILE. — In action against sheriff for wrongful attachment of automobile, evidence *held* to support finding of court that value thereof was $700.

See (1) 6 C. J., p. 387.   (2) 35 Cyc., pp. 1652, 1783.   (3) 4 C. J., p. 884.   (4) 35 Cyc., p. 1843.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Affirmed.

Mr. B. E. Marks, for Appellant.

Mr. I. J. Lipsohn and Mr. J. Early Craig, for Appellee.

4.  See 24 R. C. L. 933.

McALISTER, C. J.—This is an action by Amos H. Kirksey against John Montgomery, sheriff of Maricopa county, to recover $1,500, the alleged value of an automobile levied upon by the latter under a writ of attachment issued out of the superior court of said county in a case entitled *L. L. Stewart v. S. Kirksey.* From a judgment for the plaintiff in the sum of $700 and the denial of a motion for a new trial, the defendant appeals.

The substance of the complaint is that at the time the car was levied upon and seized the plaintiff was its owner and in possession of it, and for a long time prior thereto had been, that he advised the defendant at the time of attachment that it belonged to him and was not the property of S. Kirksey; but, notwithstanding this information, the defendant took possession of it and still retains it, although previous to the filing of this suit plaintiff demanded of him on several occasions its return and surrender.

To the complaint both a general and special demurrer were filed. The ground of the latter was that it appeared upon the face of the complaint "that the provisions of the laws of Arizona relating to the securing of possession of property held by the sheriff of Maricopa county, Arizona, under a writ of attachment by a party claiming the same, were not complied with or even attempted to be complied with." Both demurrers were overruled and the defendant answered, denying that the automobile attached belonged to or was in the possession of the plaintiff at the time of the attachment and seizure, but alleging that he took possession of it at the residence of the defendant, S. Kirksey, under a writ of attachment, and in so doing acted in the performance of his duty as sheriff of Maricopa county; that the plaintiff in this action did not comply or

attempt to comply with the provisions of the statutes of Arizona, providing for the securing of possession of attached property by one claiming it, though defendant advised him and his attorney that if the provisions of paragraphs 1410, 1411, 1648, 1649 and 1650 of the Revised Statutes of Arizona were complied with he would promptly surrender the property; but this was not done. The answer further denied that the automobile was of the reasonable value of $1,500, or that the plaintiff had been damaged in the sum of $1,500, or any other sum, by the keeping and withholding of the same from him.

The overruling of the demurrers, the special one particularly, is the first error assigned. The second is that the judgment is contrary to and not supported by the law. Both are based upon the one main contention in the case, which is that the plaintiff could not maintain an action for damages, but was limited to the remedy provided by statute for trying the rights of personal property seized under a writ of attachment and claimed by a person not a party thereto. This claim is founded upon the following provisions of the Civil Code of 1913:

"1648. Whenever any sheriff or other officer shall levy a writ of execution, attachment, replevin or other like writ upon any personal property and such property, or any part thereof, shall be claimed by any person who is not a party to such writ, such person, his agent or attorney, may make oath, in writing, before any officer authorized to administer oaths, that such claim is made in good faith, and present such oath in writing to the officer who made such levy.

"1649. He shall also execute and deliver to the officer who made such levy his bond, with two or more good and sufficient sureties, to be approved by such officer, payable to the plaintiff in such writ, for an

amount equal to double the value of the property so claimed, to be assessed by such officer.''

Paragraph 1650 sets forth the conditions of the bond, and 1651 provides that the officer receiving the oath and bond shall deliver the property to the person so claiming it.

Under appellant's contention the only course open to appellee was to file a written oath and execute and deliver the bond as required in the foregoing paragraphs. He did not, however, pursue this remedy, and we think it plain that he was not required to do so, though, if he had, it would have been necessary for him to have followed the various steps enumerated in the statutes creating it. It was unquestionably the intention of the legislature in the enactment of these sections to provide a method by which one claiming property seized and held under a writ of attachment might regain possession of it, but it is just as clear from the expression, ''such person, his agent, or attorney, may make oath in writing,'' etc., that it was not the purpose to make it an exclusive one. The word ''may'' refers to the adoption of the remedy therein provided for as distinguished from some other, and is purely permissive in meaning. The claim that it is used in the sense of ''shall'' and therefore provides an exclusive method is not sustainable. The claimant may pursue that course, but in case he seeks redress in some other way his action can in no sense be construed as a waiver of his claim to ownership of the property. ''The right of intervention,'' according to 6 Corpus Juris, 374, ''is, unless otherwise provided by statute, merely a cumulative, and not an exclusive, remedy, and does not preclude recourse by the claimant to his other remedies.''

In speaking of the claimant's right to proceed under a statute similar in substance to Arizona's

the Supreme Court of Iowa in *Sperry* v. *Ethridge,* 70 Iowa, 27, 30 N. W. 4, said:

"We think this section simply provides an additional remedy, which the plaintiff might have adopted, but was not bound to adopt."

In *Wilde* v. *Rawles*, 13 Colo. 583, 22 Pac. 897, the court in holding that one not a party to the writ whose property had been seized under a writ of attachment could maintain an action for claim and delivery, quoted this language with approval:

"If an officer, in attempting to execute process of execution or attachment, by mistake or design takes goods not the property of defendant in the writ, or goods not lawfully subject to seizure on such writ, he is a trespasser, and acquires no right to the goods seized, and the injured party may have replevin for their recovery, or may proceed against the officer in trespass or trover, at his election."

See, also, *Hannan* v. *Connett*, 10 Colo. App. 171, 50 Pac. 214; *Dimsdale* v. *Tolerton-Warfield Co.*, 151 Iowa, 425, 131 N. W. 689; *Sperry* v. *Ethridge, supra; Kinnear* v. *Flanders,* 17 Colo. 11, 28 Pac. 327.

It is true, as contended by appellant, that paragraph 1410 of the Civil Code requires that attached property remain in the hands of the officer attaching until final judgment, unless taken under a bond or replevin, and that paragraph 1411 provides that any person may claim such property by making the affidavit and giving the bond required in the provisions relating to the trial of the rights of property; but we are unable to see wherein this aids the claim that the remedy created by the statute is exclusive. Neither these provisions nor those mentioned above relieve the officer from liability for wrongfully seizing the property of one not a party to the writ, and this is true, regardless of the fact that he cannot always know to whom the property

attached belongs. The statute itself says that an officer levies an attachment at his own risk, but it comes to his rescue at the same time by providing immediately thereafter that he may secure himself by requiring an indemnifying bond before serving the writ. Paragraph 1407, Civ. Code. In the passage of this provision the legislature evidently recognized the fact that, since an officer might by mistake levy upon the property of one other than the defendant, and in so doing would be liable to the owner, he was entitled to protection in case it should afterwards appear that he had been so unfortunate as to do this. If an officer's only responsibility in relation to attached property is to release it upon there being filed with him an affidavit and bond, there is no occasion for permitting him to indemnify himself when making a levy. If there is no liability, there is no need for indemnity.

The rule seems to be well settled that an officer is liable in a civil action for "seizing and levying on property not belonging to defendant in the process under which he acts." 35 Cyc. 1783. In *White et al.* v. *Hogland,* 209 Ala. 537, 96 South. 625, the owner of a mule sold by an officer under a writ of execution directed against the plaintiff's father brought an action in two counts against the officer and the purchaser—one in trespass for taking the mule and the other in trover for its conversion. In holding that the writ of execution was no protection to the defendants the court said:

"If the evidence reasonably satisfied the jury that plaintiff, and not his father, was the owner of the mule, the writ of execution against plaintiff's father, under which defendant White seized and sold the mule, was of course no protection to either defendant, so far as actual damages were concerned. If plaintiff was not found to be the owner, then no

such protection was needed, since in that event plaintiff could not recover.''

See, also, *Yockey* v. *Smith*, 181 Ill. 564, 72 Am. St. Rep. 286, 54 N. E. 1048; *Skavdale* v. *Moyer*, 21 Wash. 10, 46 L. R. A. 481, 56 Pac. 841; *Curtner* v. *Lyndon*, 128 Cal. 35, 60 Pac. 462; *Black* v. *Clasby*, 97 Cal. 482, 32 Pac. 564; *Beaman* v. *Stewart*, 19 Colo. App. 222, 74 Pac. 342.

The construction contended for by appellant would deprive a claimant unable to give the required bond of a remedy, and the testimony of the appellee in this case is that he made an effort to furnish a bond, but was unable to do so. Whether he could have complied with this requirement or not, the fact that a claimant may be situated as he said he was indicates that it was not intended that the statutory remedy should be exclusive.

The assignment that the evidence does not sustain the judgment in that it does not appear therefrom that the plaintiff was the owner of the car is without merit. There was some evidence tending to show ownership in S. Kirksey, but there was positive testimony that plaintiff was the owner, and the trial court found this to be true. When a finding is made upon conflicting testimony, it is not the province of this court to interfere as long as the evidence in support of the finding fairly sustains it.

The basis of the last assignment is that the judgment is excessive. The evidence of the respective parties as to the value of the car was far apart. There was testimony in behalf of appellant that it was not worth over $125, while that introduced by appellee showed it to be of the value of $800 or $1,000. In fact appellee told the sheriff when asking him for the release of the car that he valued it at $1,500. He testified that its value just before he bought it was between $900 and $1,000, and that he gave for it

a Ford car, a Sampson tractor, and $225 in cash. The Sampson tractor had been bought by him and another for $1,500, though it had been used for some time. Under this evidence the court found the value of the car to be $700 and we think the finding clearly supported by the evidence.

The judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.