Remittitur forthwith.

---

[No. 5317.]

# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* THE PLUMAS EUREKA MINING COMPANY.

Place of Trial.—In actions to enforce the lien of a tax, the county, where the property on which the lien exists is situated is the place of trial, rather than that where the defendant resides.

Change of Venue.—In a motion to change the venue for the convenience of witnesses, if the plaintiff's evidence is in the county where the suit is brought, and the defendant fails to show that his evidence is not accessible in said county, the motion should be denied.

Appeal from the District Court, Sixth Judicial District, County of Sacramento.

The defendant was a corporation, owning a quartz ledge in Plumas county. It was assessed for taxes for the fiscal year 1872. The tax was not paid, and the Controller of State caused suit to be brought in Sacramento county on the 12th of February, 1876, to enforce the lien of the tax on the mining claim. The defendant moved for a change of venue to the Nineteenth Judicial District, city and county of San Francisco, and, in support of the motion, filed an affidavit. The affidavit stated that the principal place of business of defendant was in San Francisco, and that it resided in San Francisco. It also stated that, upon the trial, it would be necessary to take the testimony of the president and secretary of the defendant, and to introduce in evidence the books of the defendant, and that the board of trustees

and the president and secretary resided in San Francisco, and its records were kept there. The Controller filed a counter-affidavit, in which he stated that he had brought suit pursuant to the provisions of the statute, and that all the records of his office were kept at Sacramento, and that it would be necessary, on the trial, for the plaintiff to use in evidence the delinquent assessment list of Plumas county, transmitted by the Auditor of Plumas county to the Controller of State.

The statute makes it the duty of the Controller to bring such actions, and provides (Sec. 433, Political Code, subdivision 16), that the courts of Sacramento county shall have jurisdiction of such actions, without regard to the residence of the defendants. The court made an order changing the place of trial to San Francisco, and the plaintiff appealed from the order.

*P. Dunlap*, for the Appellant.

*Gray and Havens*, for the Respondent.

By the Court:

If it be true, as claimed by defendant, that the action was not properly brought in Sacramento county, under subdivision 16 of section 433 of the Political Code, then it should have been commenced in Plumas. (C. C. P., Sec. 392.)

The defendant, when he applied for a change of the place of trial, could rely therefore only on the facts stated in his affidavit in respect to the convenience of witnesses.

It is apparent that the evidence on which the case of plaintiff must rest is in Sacramento. The defendant fails to show that any evidence as to the regularity of the proceedings of the county officials of Plumas, prior to the transmission of the delinquent list to the Controller of State, or any evidence of facts constituting a defense to the present action, is more accessible in San Francisco than in Sacramento.

The District Court erred in granting the motion to change the place of trial.

The order is reversed.