[Civ. No. 2128.    First Appellate District.—August 14, 1917.]

R. S. BARCLAY et al., Appellants, v. SUPREME LODGE OF THE FRATERNAL BROTHERHOOD (a Corporation), Respondent.

PLACE OF TRIAL—CHANGE ON GROUND OF CONVENIENCE OF WITNESSES—TIME OF MOTION.—A motion made under subdivision 3 of section 397 of the Code of Civil Procedure for a change of the place of trial of an action on the ground of convenience of witnesses is not required to be filed at the time the defendant answers or demurs, but may be made within a reasonable time after the cause is at issue upon the facts.

ID.—AFFIDAVIT OF MERITS NOT ESSENTIAL.—An affidavit of merits is not essential to an application for a change of venue grounded upon the convenience of witnesses.

ID.—DELAY IN APPLICATIONS FOR CHANGE OF VENUE—DUTY OF COURT.—While applications for change of venue are generally classed as dilatory moves which should be presented and prosecuted with diligence in order to secure favorable consideration, nevertheless the mere fact that the motion was not made until nearly a year after issue was joined on the facts does not of itself deprive the court of power to grant the motion, since, despite the delay, it is the duty of the court to determine the good faith of the motion, and then to ascertain whether or not the delay was oppressive and likely to result in detriment to the adverse party.

ID.—ACTION TO ENJOIN COLLECTION OF ASSESSMENT—CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES—PROPER EXERCISE OF DISCRETION.—In an action wherein the plaintiffs as beneficiary members of a fraternal insurance organization sought to enjoin the collection of assessments levied under an alleged illegal by-law, an order granting a motion of change of place of trial to the county in which the defendant has its home office, on the ground of convenience of witnesses, is a proper exercise of discretion, where it is shown that all of the records of the defendant were kept in such office, and the counter-affidavits related solely to the production of evidence on matters admitted by the pleadings.

APPEAL from an order of the Superior Court of the City and County of San Francisco changing place of trial.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

W. C. Cavitt, for Appellants.

Davis, Kemp & Post, and Carlos S. Hardy, for Respondent.

LENNON, P. J.—This is an appeal from an order changing the place of trial from the city and county of San Francisco to the county of Los Angeles, grounded solely upon the convenience of the witnesses in an action wherein the plaintiffs as beneficiary members of the corporation defendant sought a decree enjoining the collection of certain assessments, which were levied against the plaintiffs and other members of the defendant, pursuant to an amended by-law revising and raising the rate of assessment which the plaintiffs and other members were originally subjected to, and which the plaintiffs alleged was illegally adopted by the defendant and without the consent of the plaintiffs.

The defendant by its answer admitted the adoption of the by-law in question and the attempted enforcement of the new rate of assessment, but defended the action by averring that the contracts of insurance issued to and held by the plaintiffs expressly provided that they were made and held subject, not only to the by-law in force at the time of their execution, but also to any amendments thereto, which from time to time might be adopted by the defendant; that the plaintiffs, through their authorized representatives elected to the supreme lodge of the defendant, consented to the adoption of the by-law in question; that an actuarial examination of the defendant society revealed the fact that the rate of assessment originally fixed by the by-laws did not provide a fund sufficient to pay the benefits promised plaintiffs; that the new rate fixed by the amended by-law was necessary to cover a deficiency existing in the insurance fund of the defendant, which resulted because of the insufficiency of the original rate of assessment; that the statutes of the state relating to the regulation and control of fraternal societies (Stats. 1911, p. 1320) provided and required that every fraternal benefit society doing business in the state, the valuation of whose certificate made December 31, 1917, shows that the present value of the future net contributions together with the admitted net assets was less than ninety per cent of the present value of the promised benefits and accrued liabilities, would be required to reduce such deficiency not less than five per

cent of the total deficiency on December 31, 1917, at each succeeding triennial valuation, and that under the rate collected prior to the raise of rates by the defendant, pursuant to the amended by-law in question, such a deficiency did exist, and that the improvements therein required by this law could not be made except by an increase of the original rates.

The action was instituted in the court below February 15, 1913. The defendant's answer was filed July 10, 1913, and the plaintiffs' demurrer thereto was disallowed January 3, 1914. On January 27, 1915, plaintiffs gave notice of a motion to set the cause for trial, and on January 30, 1915, plaintiffs filed their notice of motion to change the place of trial, grounded upon the convenience of the witnesses and the promotion of the ends of justice.

The motion for a change of venue was made and granted pursuant to the provisions of subdivision 3 of section 397 of the Code of Civil Procedure, and consequently the motion accompanied by an affidavit of merits was not required to be filed at the time the defendant filed its answer.

The code section under consideration provides that the court may on motion change the place of trial of an action for any one of several enumerated causes, and while it is true that section 396 of the same code requires that a demand for a change of venue based upon the ground that the action was not commenced in the proper county must be made accompanied with an affidavit of merits at the time the defendant demurs or answers, nevertheless this section must be read in conjunction with section 397. (*Bohn* v. *Bohn*, 164 Cal. 532, [129 Pac. 981].) Manifestly the provisions of subdivision 1 of the latter section to the effect that a change of the place of a trial may be had upon a showing that the county designated in the complaint is not the proper county for the trial are entirely separate and distinct from subdivision 3 of the same section (Code Civ. Proc., sec. 397), which provides that a change of the place of trial may be had when the convenience of witnesses and the cause of justice will be thereby promoted. In other words, granting that the action was commenced in the proper county, nevertheless the defendant was entitled to a change of venue upon the ground of the convenience of witnesses, etc., and in the absence of any statutory limitation of the time within which the motion may be made upon that ground, it could be rightfully made

within a reasonable time after the case was at issue upon the facts. (*Cook* v. *Pendergast,* 61 Cal. 72, 78.)

The affidavit of merits filed upon behalf of the defendant in support of the motion is in the usual form, and apparently meets all of the requirements of the rule relating to such affidavits, but even if it were deficient in the particulars claimed by counsel for the plaintiffs, it would not follow that the motion was improperly granted, because an affidavit of merits is not essential to an application for a change of venue, grounded upon the convenience of witnesses. (*Cook* v. *Pendergast,* 61 Cal. 72; *Pascoe* v. *Baker,* 158 Cal. 232, [110 Pac. 815].)

While it is true that applications for a change of venue are generally classed and considered as dilatory moves, and therefore should be presented and prosecuted with diligence in order to secure favorable consideration, nevertheless, the mere fact that the motion in the present case was not made until nearly a year after issue was joined on the facts did not, in and of itself, operate to deprive the court of the power to pass upon and grant the motion. Despite such delay, it was the duty of the court to determine from all of the attending facts and circumstances the *bona fides* of the motion, and then to ascertain whether or not the delay complained of was oppressive, and did, or would be likely to, result in detriment to the plaintiffs. Doubtless in determining these questions, the court below considered the fact that the plaintiffs had delayed for nearly a year before moving to set the cause for trial.

The determination of these questions necessarily rested in the sound discretion of the court below, and while it may be conceded that the motion for a change of venue might have been properly denied upon the ground of undue delay in presenting it, still we are not prepared to say that, under all of the circumstances, the order granting it was an abuse of discretion.

Upon the hearing of the motion, and in support thereof, there was offered and received in evidence the affidavit of C. A. Post, the supreme counselor of the defendant, to the effect that the home office and principal place of business of the defendant was at all times in the city of Los Angeles; that all the books, papers, and records of the defendant were kept at the office of the supreme secretary at the home office

in Los Angeles; that many of said books, etc., contain matters and things (detailing them) material and necessary as evidence in the establishment of the defendant's defense to the action; that on account of many matters and things which may be developed in evidence during the course of the trial, it was impossible to ascertain in advance of the trial just what particular books, records, etc., may be needed as evidence, and, therefore, it was desirable and necessary in order that the trial be facilitated and the ends of justice promoted that the trial be held in the county of the defendant's principal place of business, where its books, records, etc., would be readily accessible.

The affidavit referred to further deposed that in conjunction with an inspection and consideration of the defendant's books, records, etc., the testimony of its supreme president, secretary, chief clerk and head bookkeeper concerning certain designated and material matters would be required to establish the defense interposed, and that each of the officials named reside in the county of Los Angeles.

The fact that the affidavit in question referred to *all* of the books, records, and papers of the defendant is a sufficient answer to the contention that it did not allege that the original books, records, etc., of the defendant were at and kept in the city of Los Angeles; and manifestly the counter-affidavit of one Rae Plummer made upon behalf of the plaintiffs, wherein she averred that she kept in the city of San Francisco certain original books of entry of the local subordinate lodge known as San Francisco Lodge, No. 69, had no tendency to show that the original books, records, etc., of the supreme lodge of the defendant were kept elsewhere than in Los Angeles as alleged in the defendant's affidavit.

The Plummer and other counter affidavits, relied upon by the plaintiffs to show that the convenience of witnesses would be promoted by a trial of the case in the city of San Francisco, relate only to the production of evidence which would have been limited to showing the plaintiffs' good standing in the local lodge, but inasmuch as that fact was admitted to be true, either in the answer of defendant or by stipulation filed in open court, the plaintiffs obviously would not have been put to the necessity of producing witnesses upon that phase of the case. In fact, every material allegation of the plaintiffs' complaint, save the alleged illegality of the adoption of the

by-law in question, was likewise, in effect, admitted. Therefore only the evidence and witnesses designated in the affidavit of the defendant would be required upon the trial of the case, and as that evidence and those witnesses were permanently located in Los Angeles, we have no doubt but that the order granting the motion was a proper exercise of discretion.

We are unable to discover any material or circumstantial conflict in the entire evidence adduced upon the hearing of the motion, but even if such a conflict existed, as counsel for plaintiffs seem to contend, we would not interfere with the order of the court in the absence of a showing of an abuse of discretion.

The order appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 11, 1917.