[Civ. No. 8570. First Appellate District, Division One.—February 24, 1933.]

CHRIS STAFFORD, Appellant, v. M. E. GEARY et al., Respondents.

Joe Mannix and Rudolph Scholz for Appellant.

G. C. Ringole, *in pro. per.*, and Samuel D. Hamburg for Respondents.

KNIGHT, J.—This appeal was taken from an order rendered after final judgment in a supplementary proceeding instituted under the provisions of section 689 of the Code of Civil Procedure for the purpose of determining a third-party claim to an automobile theretofore seized by the sheriff pursuant to a writ of execution.

The following are the circumstances leading up to the rendition of said order: Early in the year 1926 or thereabouts the respondent Geary brought an action in claim and delivery against appellant to recover possession of the automobile which appellant was then holding under a claim of lien for work and labor performed thereon; and by virtue of the writ issued in said action the sheriff took the automobile in his possession. Besides answering, appellant filed a cross-complaint for the purpose of obtaining a judgment for the

debt due him and to establish his lien on said automobile. As cross-defendants he named the respondents Geary, Skinner, Arnold and Ringole. The action was tried in February, 1926, and in September of that year judgment was entered on the cross-complaint in favor of appellant and against the cross-defendants for the sum of $849.51, and declaring a lien on said automobile in appellant's favor until the debt was paid. From said judgment Ringole took an appeal and the judgment was affirmed (*Geary* v. *Stafford,* 98 Cal. App. 84 [275 Pac. 865]), but for some reason not explained in the record before us the automobile was never redelivered to appellant. However, in February, 1930, approximately three and a half years after the entry of the original judgment, appellant, claiming to have discovered the automobile in the possession of the respondent Hammond, caused a writ of execution to be levied thereon; whereupon Hammond filed a third-party claim pursuant to said section 689 of the Code of Civil Procedure asserting ownership of the automobile and that he was entitled to the possession thereof. In response to such claim the supplementary proceeding above mentioned was had to determine the title to the automobile; and, as a result thereof and on March 20, 1930, the court entered its order, in the form of a judgment containing findings, adjudging and decreeing that ever since August, 1923, Hammond had been and was then the owner and entitled to the possession of said automobile, that the same was free and clear of all liens and encumbrances in favor of appellant created by the original judgment in the action, and that appellant had no right, title or interest therein; furthermore it was adjudged and decreed that the sheriff redeliver the automobile to Hammond, and that appellant be "perpetually restrained and enjoined from in anywise interfering with the possession" thereof.

The appeal from said order was taken to the Supreme Court, and while pending there respondents suggested by way of motion a diminution of the record, seeking thereby to have incorporated in the record on appeal an order made subsequent to the entry of the original judgment and prior to the entry of the order in the supplementary proceeding; and the motion was granted. The order thus made part of the record on appeal was entered November 27, 1929, as a result of a hearing on an order of examination of respondent

Ringole, which took place before the same judge who several months later heard and determined said supplementary proceeding; and said order (of November 27, 1929) contained a finding to the effect that the debt upon which appellant based his claim of lien had been fully paid and discharged. In view of such finding respondents moved for a dismissal of the appeal upon the ground that the question presented thereby, as to whether appellant was entitled to a lien on said automobile and the possession thereof, had become moot. In that state of the record the appeal was transferred to this court for hearing and determination.

It is evident that said finding of payment must be accepted as the controlling factor in the determination of the appeal. As stated, it was made November 27, 1929; and the supplementary proceeding wherein the court found that appellant was not entitled to a lien, was heard and determined in March, 1930; and both proceedings having been heard by the same judge, it may be fairly assumed that the so-called judgment or order rendered in the supplementary proceeding, declaring that appellant was not entitled to a lien, was based largely upon the finding previously made by the same judge that appellant's debt had been paid. In any event, so far as the transcript on the present appeal discloses, no evidence was introduced at the hearing of the supplementary proceeding in contradiction of said finding of payment. The evidence adduced thereat, as shown by the transcript, consisted merely of certain letters written by appellant's counsel to one of the respondents, and the certificates of registration of the automobile for the years 1922 and 1923. It is true that the substance of said letters indicates that at the time they were written the full amount of appellant's debt had not been paid; but the last of said letters, according to its date, was written October 18, 1929, which was more than two weeks prior to the hearing of the proceeding which resulted in the making of said finding, and more than a month prior to the date of the entry of the order containing said finding, during which time, for aught the record shows, full payment may have been made. The letters so introduced were consequently of little value as evidence contradicting said finding.

Since it affirmatively appears, therefore, from the uncontradicted finding made on November 27, 1929, that appel-

lant's debt had been theretofore paid, it cannot be successfully maintained that the trial court was not warranted in holding in the supplementary proceeding had in March, 1930, that appellant was not entitled to a lien on said automobile.

The order or judgment appealed from is accordingly affirmed, and respondents' motion to dismiss the appeal is dismissed.

Tyler, P. J., and Cashin, J., concurred.