[Civ. No. 5802.   Third Appellate District.—March 8, 1937.]

RETAILERS' CREDIT ASSOCIATION OF SACRA-
MENTO (a Corporation), Petitioner, v. THE SUPE-
RIOR COURT OF GLENN COUNTY, Respondent.

John A. McGilvray and Kenneth G. McGilvray for Petitioner.

Pugh & Pugh for Respondent.

THOMPSON, J.—The Retailers' Credit Association of Sacramento, a corporation, has petitioned this court for a writ of *mandamus* to require the Superior Court of Glenn County to determine the title to personal property which was attached in a suit in *assumpsit* pending in that superior court between this petitioner, as plaintiff and Charles A. Nock et al., as defendants. The suit in *assumpsit* was originally filed in Sacramento County. The property was delivered to the defendants pursuant to separate third party claims to the personal property which were filed as authorized by sections 549 and 689 of the Code of Civil Procedure. Upon motion therefor the cause was subsequently transferred on September 11, 1936, to Glenn County. Prior to the order for the change of the place of trial this petitioner filed with the Superior Court of Sacramento County its petition under the provisions of section 689 of the Code of Civil Procedure to determine the title to the personal property. The hearing upon the third parties' claims was set for September 4th, but it was subsequently continued to September 11th. On the last-mentioned date, the third parties appeared before the Sacramento court and objected to the hearing of the proceeding to determine the title to their claims on the ground that the Sacramento court was without jurisdiction to do so on account of the pending motion for a change of venue. The objection was sustained. The petition to determine title to the personal property was then continued to October 5, 1936, and the cause was transferred to Glenn County. The order transferring the cause "directed that *all papers filed in the above mentioned action* be forthwith sent to the Superior Court . . . in and for the County of Glenn", which was done. On September 20th the documents and proceedings were filed in Glenn County. On September 29th, by consent of all parties the proceeding to determine title to the personal property was continued to October 23d. On the last-mentioned date the petition to determine the title to the personal property was fully heard. Oral and documentary evidence was adduced by respective parties, and

the matter was submitted to the court for decision. November 16, 1936, the court determined that it was without jurisdiction to pass upon the merits of the third parties' claims, and it declined to do so. This petition for a writ of *mandamus* was then filed seeking for an order to require the Superior Court of Glenn County to determine that issue. The facts are not disputed.

The respondent contends that the petition to determine title to property under attachment which is claimed by strangers to the suit under the provisions of section 549 of the Code of Civil Procedure is a proceeding in the nature of a creditor's bill such as is referred to in section 720 of the Code of Civil Procedure, separate and distinct from the suit in *assumpsit* in which the original attachment was issued and that the Sacramento court had no authority to transfer the proceeding to determine title to any other court according to the provisions of section 689 of the Code of Civil Procedure and that the Glenn County court therefore had no jurisdiction to hear or determine that matter. It is claimed that the nature of the proceedings to determine the title to property claimed by strangers to an action as provided by the terms of sections 689 and 720 of the Code of Civil Procedure are exactly the same.

At least three methods of ascertaining the title to property which has been attached are recognized in behalf of strangers to the litigation who have third party claims thereto. One is by interpleading in the suit. Another is by instituting a separate action in the nature of what has been termed a creditor's bill in equity. (Sec. 720, Code Civ. Proc.; *Frankel* v. *Boyd,* 106 Cal. 608, 611 [39 Pac. 939].) The third is by statutory provision for summary relief. (Secs. 549 and 689, Code Civ. Proc.) These various methods are suggested in 6 Corpus Juris, page 386, section 864, in the following language:

"As has been shown, a person claiming property seized under an attachment against another has usually the option of instituting an independent action to protect or enforce his rights or of interpleading or intervening in the attachment suit for that purpose. And in some jurisdictions the claimant may proceed by rule, if the rights of the parties will not be prejudiced, or may have his rights determined

on a motion to discharge the attachment *or in summary proceedings provided for by statute.*"

■ We are of the opinion the method provided for by section 720 of the Code of Civil Procedure is not the same as that which is authorized by sections 549 and 689 of the same code. Section 720 specifically provides that:

"If it appears that a person . . . claims an interest in the property adverse to him [the judgment debtor], *the judgment creditor may maintain an action against such person . . .*"

This section appears to contemplate the maintenance of a *separate action* to determine the title to the property on the part of a judgment creditor. Sections 549 and 689, *supra,* provide for summary proceedings *incident to the main action,* by means of which a stranger to the suit may require the determination of the title to the property which he claims. This summary method is afforded by statute to save the one who claims title to the attached property expense and delay in removing the cloud upon his title which he contends is imposed by a wrongful and invalid attachment. ■ We are of the opinion the summary means provided by sections 549 and 689 are incident to and a part of the main action, and that it is therefore properly transferable on motion for a change of venue. ■ It is true that this proceeding may be separately heard by the court having jurisdiction of the main action, but it is nevertheless incident thereto. The attachment in this case was properly issued under section 537 of the Code of Civil Procedure. The third parties' claims were filed pursuant to section 549 of the same code. The procedure for determining the disputed title to the property under such circumstances is governed by the provisions of section 689 of the Code of Civil Procedure. That section provides in part:

" . . . Whenever a verified third party claim is delivered to the officer as herein provided, upon levy of execution or attachment, whether any undertaking hereinabove mentioned be given or not, the plaintiff or the person in whose favor the writ runs, the third party claimant, or any one or more joint third party claimants, shall be entitled to a hearing *in the court in which the action is pending or from which the writ issued* for the purpose of determining title to the property in question."

From the preceding quotation from the statute in question it appears that concurrent jurisdiction of the proceeding to determine title to property claimed by a stranger to the litigation has been conferred upon both the court "in which the action is pending" and upon the court "from which the writ issued". The proceeding to determine title under the circumstances of this case may therefore be lawfully transferred so as to entitle it to be heard and determined by the court where the main action is pending. It is apparent that a court to which an action has been regularly transferred may acquire jurisdiction to hear and determine title to property under section 689 when the third party claim is filed after the transfer is made. The statute merely provides that the *hearing* may be had "in the court in which the action is pending or from which the writ issued". We therefore conclude that either court may acquire jurisdiction to hear the matter.

The statute provides that the title must be determined within twenty days from the filing of the petition, but that, for good cause, it may be continued to a later date for determination. The section further discloses that if the plaintiff who procured the attachment fails to furnish the bond provided by law authorizing the officer to retain custody of the property against a third party claim, and judgment is rendered against the claimant, the custody of the property shall be retaken by the officer and held subject to the final determination of the main action. The statute provides in that regard:

" . . . If the property shall have been released by the officer for want of an undertaking, and final judgment shall go for the plaintiff or other person in whose favor the writ runs, the officer shall retake the property on such writ if the writ is still in his hands, or if the writ shall have been returned, another writ may be issued on which the officer may take such property. . . . "

This procedure seems to indicate that the proceeding to determine the title to property which has been attached in an action is incident to and a part of the main suit. These summary proceedings are all entitled the same and filed in the main action. It has been held that this summary statutory proceeding to determine title to property upon application of a stranger to the litigation "may be removed [to another

court] with the attachment proceeding, *as an incident thereto*". (6 C. J. 389, sec. 872; *Hochstadter Bros.* v. *Harrison*, 71 Ga. 21.) In the case last cited it is said in that regard:

"*A claim to property,* levied on under final process of a state court is not removable. The claim is but an incident to the main proceeding, and cannot be detached from it."

In the present case the several third party claims to title in different items of the personal property which was attached, were properly entitled the same and filed in the main action in the Superior Court of Sacramento County. These third parties actually objected to that court hearing or determining their claims on the ground that it was disqualified because a motion for change of venue of the main cause was pending. The trial court took that view of the matter and transferred to Glenn County the entire litigation, including the petition to determine title to the property. In transferring the cause, the proceeding to try the title to the property was not specifically mentioned but we are of the opinion it was necessarily included in the order. The court granted the motion to change the place of trial, and continued the time previously set for hearing the proceeding to determine the title to the property and specifically directed that "*all papers filed in the above mentioned action* be forthwith sent to the Superior Court . . . in and for the County of Glenn".

Under the circumstances of this case the Superior Court of Glenn County acquired jurisdiction to try and determine the title to the personal property under attachment which is involved in the issues raised by the third party claims.

The writ of *mandamus* should issue as prayed for, and the judge of the Superior Court of Glenn County is directed to proceed to hear and determine title to the property.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 3, 1937, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1937.