[Civ. No. 1671. Fourth Appellate District.—October 6, 1937.]

PAUL V. McCOY, Appellant, v. THE JUSTICE'S COURT OF SANTA ANA TOWNSHIP, COUNTY OF ORANGE, STATE OF CALIFORNIA, Respondent.

MacFarland, Sheinman & Sisenwein, Max Sisenwein and David Blonder for Appellant.

S. B. Kaufman and Robbie Anderson for Respondent.

BARNARD, P. J.—A drug company made a general assignment for the benefit of creditors. The assignee sold the drug store to Paul V. McCoy. A creditor of the drug company obtained a judgment in the Justice's Court of Santa Ana Township. A writ of execution was levied, the constable taking possession of the drug store then occupied by McCoy, who filed a third party claim. The constable released the property and the judgment-creditor filed a petition in the respondent court asking that title to the property in question be determined. McCoy applied to the superior court for a writ of prohibition preventing the respondent justice's court from conducting a hearing to determine in whom title to the property levied upon was vested. An alternative writ was issued but at the hearing the prayer for a peremptory writ was denied. From that judgment and order this appeal was taken.

■ The appellant contends that the respondent court was without jurisdiction to determine who had title to the personal property in question for two reasons. It is first urged that the writ of execution was not properly levied and was, therefore, illegal and void. In this connection it is argued that the manner of levying execution when property is in the possession of a third party is governed by sections 543 and 688 of the Code of Civil Procedure and that, therefore, such a levy may only be made by way of garnishment. While section 688 permits a garnishment in such a case that remedy is not made exclusive and under preceding sections of the code execution could be levied by seizing the property as that of the judgment-debtor, if the interested parties desired to take that risk. ■ A further consideration is that this question does not go to the jurisdiction of the respondent court to conduct a hearing for the purpose of determining title to the property but is one of the questions of fact to be determined at that hearing.

■ As a second attack upon the jurisdiction of the respondent court in this matter the appellant argues that section 689 of the Code of Civil Procedure, in purporting to give a court the power to determine who has title to property claimed by and in the possession of a transferee of the judgment-debtor and to subject such property to the satisfaction of a judgment, is unconstitutional and void as depriving such a transferee of property without due process of law. No particular respect in which due process is denied is set forth, the appellant contenting himself with a bare statement of the proposition. The only authorities presented relate to general proceedings supplemental to execution, provided for in sections 714 to 720 of the Code of Civil Procedure, and are cases holding that in such a proceeding an order of the judge or referee requiring a third party having possession of and claiming the property to surrender the same to the creditor to be applied in satisfaction of his debt would be invalid, as having the effect of depriving a party of his property without due process of law.

While the proceeding here in question, authorized by section 689, has been referred to as a supplementary proceeding (*Stafford* v. *Geary*, 130 Cal. App. 22 [19 Pac. (2d) 837]), this procedure is essentially different from that contemplated by

the other sections above referred to in that notice of the time, place and purpose of the hearing and an opportunity to be heard is here afforded to the third party claimant. The third party claim must be filed with the court and constitutes the pleading of such party and is deemed controverted by the plaintiff or other person in whose favor the writ runs. The provisions for notice are ample and an opportunity is given to a third party claimant to fully and completely present the question of his title. We are unable to see how this statute violates the due process clause of the Constitution in failing to provide for the same forms of pleading and the same rules in all respects as are provided in certain other forms of action. So far as material here, the only essential requirements of due process of law would be notice of the time and place of hearing and of the matter to be determined, and an opportunity to be then heard. There is no vested right in any certain form of procedure except as this is given by statute, and the legislature has the power to change the procedure in a particular instance so long as the minimum requirements of the due process clauses of the Constitution are complied with. Under the statute here in question the parties claiming an interest in the property are accorded their day in court upon adequate notice both as to the time and place of the hearing and the matter to be determined. We conclude that section 689 is not unconstitutional for any of the reasons here urged.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.