[Civ. No. 6377. Third Appellate District.—June 18, 1940.]

J. E. FULTON et al., Respondents, v. E. TOWNSEND WEBB, Defendant; SALLY RUTH PURVIANCE, Appellant.

S. S. Hahn and W. O. Graf for Appellant.

Aubry Miller and Henry E. Phister for Respondents.

PULLEN, P. J.—In 1930 plaintiffs obtained a judgment of $4,000 against defendant E. Townsend Webb. This judgment remained unsatisfied until November, 1936, at which time an execution was issued, and by the sheriff levied upon the contents of a safe deposit box rented to Minona and Sally Ruth Purviance. By inadvertence the property so levied upon was released by the sheriff, and on February 10, 1937, a second execution was issued and again was levied upon the contents of the same safe deposit box. Under this levy the sheriff took possession of the property here in dispute, being three Merchants Exchange Building of Los Angeles, Inc., First Closed Mortgage Bonds, with coupons.

Thereafter appellant Sally Ruth Purviance filed a third party claim in which she asserted ownership of the bonds and claimed to have acquired title to the same in the following manner; that her mother Mary J. Purviance had during her lifetime received these bonds as collateral security for a loan of $3,000; that the mother assigned her claim to Sally Ruth Purviance and delivered to her the mortgage bonds as collateral; that the loan was never paid, and the bonds were surrendered to her in satisfaction of the claim; and therefore Sally Ruth Purviance, claiming to be the owner thereof, demanded return of the bonds from the sheriff. The sheriff thereupon demanded security of respondents as provided in section 689 of the Code of Civil Procedure. No security was deposited, but respondents filed a petition for a hearing to determine title under that section. A hearing was had, and judgment was given in favor of respondent and against the claimant Sally Ruth Purviance, the court holding the property belonged to the judgment debtor, E. Townsend Webb, free and clear of any claim of lien of the third party claimant. From that judgment this appeal was taken.

Several points are urged in opposition to the judgment. The first is that no fraud having been pleaded, the court was without authority to find that there had been a fraudulent conveyance of the bonds by the judgment debtor to the third party claimant, or to predicate a judgment thereon. Both sides seem to have understood the issues involved, and no claim was made of surprise at the trial nor was a continuance requested, nor do we find that any objection was made by appellant as to the admission of any evidence tending to establish fraud. The gist of the action was

the title of the third party claimant to the bonds, which included the manner in which she obtained such title.

Furthermore the provisions in section 689 of the Code of Civil Procedure that the allegations of the third party claim shall "be deemed controverted" is in effect no different than the provisions of section 462 of the Code of Civil Procedure, that the statement of any new matter in the answer must "be deemed controverted" by the opposite party. Under this last section it has been held that evidence of fraud may properly be introduced to avoid the effect of a sale set up in the answer (*Jose Realty Co.* v. *Pavlecevich,* 164 Cal. 613 [130 Pac. 15]) ; also evidence to avoid pleas of the statute of limitations may likewise be admitted. (*Williams* v. *Dennison,* 94 Cal. 540 [29 Pac. 946] ; *Sterling* v. *Smith,* 97 Cal. 343 [32 Pac. 320].)

A further point raised by appellant in a supplemental brief is that the third party claimant has been denied due process. This contention is based upon the following facts : The writ of execution under which the sheriff acted was issued February 10, 1937. On March 3, 1937, the sheriff made a return thereon to the effect that he did "On the third day of March, 1937, attach the following described personal property in the possession of Sally Ruth Purviance, but belonging to the defendant, viz. : 'Three Merchants Exchange Building of Los Angeles, Inc., Closed First Mortgage 6½% Sinking Fund Gold Bonds, . . . ' ".

The third party claimant testified these bonds were taken by the sheriff from a bookcase in her room during her absence, and filed a claim with the sheriff that these bonds were unlawfully taken from her room upon the representation to a housekeeper that the court had issued an order for surrender of these bonds.

In reply, respondents point out the sheriff is not a party to this proceeding and his alleged unlawful acts, if any, cannot be made the subject of inquiry in this form of action, asserting appellant herself initiated this proceeding under section 689 of the Code of Civil Procedure by filing a third party claim with the sheriff, and the court, under that section, proceeded to try title to the bonds. With this contention we are in accord. If appellant felt the issues were unfairly restricted or desired to question the acts or authority of the sheriff, she should have proceeded by another

method. By her own choice she put only the title in issue. Under section 689 of the Code of Civil Procedure the court was not authorized to determine any question of lien, fraud or equities. All the court did was, under conflicting evidence, to find that appellant did not own the bonds.

The case of *Black* v. *Clasby*, 97 Cal. 482 [32 Pac. 564], cited by appellant holds that, prior to the enactment of section 689 of the Code of Civil Procedure in 1891, such seizure as here described was a trespass *ab initio*, but expressly refused to pass upon the effect of the new section 689 of the Code of Civil Procedure. Neither are the cases cited by appellant applying to receivers, governing here. The rights of receivers, who are neither sheriffs nor judgment creditors, are not covered by the section under consideration. The third party claimant chose her remedy and has had her day in court. In *McCoy* v. *Justice's Court*, 23 Cal. App. (2d) 99 [71 Pac. (2d) 1115], the court points out the rights of the judgment debtor and the third party claimant and answers the contention here made that the section is unconstitutional.

An examination of the evidence, which we need not recite in detail, reveals it is conflicting, but ample to fully support the judgment.

The judgment is affirmed.

Thompson, J., and Tuttle, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 15, 1940.