[Civ. No. 14129.   First Dist., Div. Two.   Jan. 4, 1950.]

RAUER'S LAW & COLLECTION CO. (a Corporation), Respondent, v. CLAUDE C. HIGGINS, Defendant; ANNA HIGGINS, Third Party Claimant and Appellant.

Frank V. Kington for Third Party Claimant and Appellant.

Jerome L. Schiller for Respondent.

DOOLING, J.—Plaintiff, Rauer's Law & Collection Company, to satisfy a judgment against defendant Claude C. Higgins, levied execution on an automobile registered in the name of Anna Higgins, his wife. Anna Higgins filed a third party claim of ownership with the sheriff and plaintiff then filed a petition in the superior court pursuant to section 689, Code of Civil Procedure, to determine title to the automobile. After a trial on this petition the court adjudged the property to be the community property of defendant Claude C. Higgins and his wife, Anna Higgins, and subject to the execution. Anna Higgins appeals.

There is no merit in appellant's claim that title cannot be tried under Code of Civil Procedure, section 689, unless the third party claimant consents. The section specifically provides that: "the plaintiff, or the person in whose favor the writ runs, the third party claimant, or any one or more joint third party claimants, shall be entitled to a hearing in the court in which the action is pending . . . for the purpose of determining title to the property in question." Here the plaintiff petitioned for the hearing as the section expressly authorized it to do.

We need not discuss appellant's contention that she was entitled to a jury trial since appellant's counsel stated at the beginning of the hearing that "there is no such thing as a jury trial in this proceeding; but, in order to keep the record clear that we were insisting upon trial—a civil action which

we have instituted, it so happens—I filed that demand for that purpose, to keep the record clear.'' It was appellant's position, as this quotation shows, not that she was entitled to a jury trial in this proceeding, but that her title could not be tried in this proceeding. In that she was in error, and since she did not insist on a jury trial in this proceeding the question is not available to her on this appeal.

█ Appellant's insistence that title cannot be tried under Code of Civil Procedure, section 689, unless the third party claimant consents is based on the erroneous assumption that this section is *in pari materia* with Code of Civil Procedure, sections 720-721. The proceedings are entirely distinct and while title cannot be tried in proceedings taken under sections 720-721, it can be tried under the express terms of section 689 where a third party claim has been filed with the sheriff who levied the execution. (*Fulton* v. *Webb*, 39 Cal.App.2d 509 [103 P.2d 596] ; *Retailers' C. Assn.* v. *Superior Court*, 19 Cal.App.2d 457 [65 P.2d 937].)

█ On the merits the evidence is sufficient to support the trial court's finding. Appellant's evidence was self-contradictory. She testified that she personally paid for the automobile in cash that she had in her home. She testified, when asked the source of this cash: ''Well, my husband works and brings it home to me, that's all.'' She later testified that she got the cash from the sale of a house that was her separate property. She and her husband both testified that appellant personally made the payments to the seller. The seller testified that the husband, not appellant, paid her the money. It was for the trial court to resolve these conflicts.

█ Appellant also complains that the court enjoined the sheriff from releasing the property pending the trial of title without requiring an undertaking. We need not decide whether this was error since that question has now become moot.

The order determining title is affirmed.

Nourse, P. J., and Goodell, J., concurred.