[Civ. No. 19704.   Second Dist., Div. Three.   Jan. 29, 1954.]

STATE COMPENSATION INSURANCE FUND et al., Appellants, v. JOHN R. MALONEY, as State Insurance Commissioner, Respondent.

Edward R. Young, John F. O'Hara, McFarland, Laumeister & Ferdon, F. Britton McConnell, Donald Gallagher and John P. McFarland for Appellants.

Edmund G. Brown, Attorney General, and Harold B. Haas, Deputy Attorney General, for Respondent.

VALLÉE, J.—Appeal by plaintiffs from an order granting defendant's motion for a change of venue from the county of Los Angeles to the city and county of San Francisco.

The suit is for an injunction to restrain the Insurance Commissioner from enforcing the provisions of an order dated June 19, 1952, identified as Ruling No. 67; for a declaration of the rights and duties of the parties with respect to the order, including a determination of its validity and the proper construction and enforceability thereof; and for a writ of mandate commanding the defendant to vacate the order. Ruling No. 67 consisted of classifications of risks, minimum premium rates, and optional retrospective rating plans for workmen's compensation insurance.

Under section 11730 et seq. of the Insurance Code, defendant as insurance commissioner is empowered and required to determine and promulgate a classification of risks and minimum premium rates relating to workmen's compensation insurance. The rates approved and issued by defendant are the minimum to be charged by every insurer.

It appears from the record that the California Inspection Rating Bureau is a voluntary organization composed of all insurers authorized to write workmen's compensation insurance in California. It was organized for the purpose of collecting and tabulating rating information and statistics for the making of minimum rates. On December 28, 1951, defendant licensed the bureau and designated it as his statistical agent. (Ins. Code, § 11750 et seq.)

The allegations of the complaint are stated at length in our opinion affirming an order granting a preliminary injunction restraining enforcement of Ruling No. 67 pendente lite (*State Comp. Ins. Fund* v. *Maloney,* 121 Cal.App.2d 33 [262 P.2d 662]), and they need not be restated. Defendant filed an answer to the complaint with his notice of motion. The issues made by the pleadings, stated generally, are whether Ruling 67 is a valid order; whether it is supported by substantial evidence; whether defendant received evidence ex parte and not at the hearings; whether the order was complete when it was executed and promulgated, and particularly, whether it included "Appendix B" containing rating plans; whether the rating plans were available on July 1, 1952, the effective date of the order; whether the order discriminates against

California workmen's compensation insurance carriers in favor of a few large insurers operating nationwide; whether the order is unfair, injurious, prejudicial, and unlawful to the State Compensation Insurance Fund; whether plans contained in the order are uniform as to all insurers affected; and whether by the order defendant relinquished his power and duty to determine what are adequate minimum rates in California.

The motion was made on the grounds: 1. Defendant at all times has been a resident of San Francisco. The Superior Court of the City and County of San Francisco is the proper court for the trial of the action. 2. The acts of defendant complained of were done by him as a public officer by virtue of his office, and were done in San Francisco. 3. The convenience of witnesses and the ends of justice would be promoted by changing the place of trial to the city and county of San Francisco.

In support of the motion defendant filed his affidavit,[1] which

[1] The affidavit reads: "JOHN R. MALONEY, being first duly sworn, deposes and says: "1. That he is the defendant in the above-entitled cause; that he now resides, and, for over thirty years last past, has continuously resided in the City and County of San Francisco, State of California; that ever since January 8, 1951, he has been and now is the duly appointed and acting Insurance Commissioner of the State of California, and that section 12905, Insurance Code, reads:

"'The Commissioner shall keep his office in the city of San Francisco and shall also keep an office in the city of Sacramento and the city of Los Angeles.';

"that, pursuant to said section, his principal office as Insurance Commissioner is the principal office of the State Department of Insurance and is located in the City and County of San Francisco, State of California;

"2. That he has fully and fairly stated the case in this cause, and all the facts and circumstances connected therewith, to his counsel, Harold B. Haas, Deputy Attorney General of the State of California, who is an attorney at law duly admitted to practice in all courts of the State of California and who is duly assigned to his defense in the above cause by the Attorney General of the State of California; and that, after such statement, he was advised and is now advised by his said counsel, and he verily believes, that he has a good, substantial and valid defense on the merits to each and every alleged cause of action and every ground set forth in the petition and complaint on file in the above-entitled action.

"3. That the execution and promulgation of his certain Order entitled 'Ruling Number 67', the operation of which plaintiffs in the above cause pray therein to restrain, enjoin or annul and have brought said cause for that purpose, occurred at his principal office as Insurance Commissioner in the City and County of San Francisco, State of California; that all his original records made in the proceeding comprising the notice and hearing pre-requisite to the issuance of said ruling are, and since original filing or making thereof, have, continuously, been on file and a public record at said principal office except that a few exhibits may have been first introduced at a session of the hearing thereof which affiant held at the City of Los Angeles for the convenience of the persons located in the southern part of the State and who might have desired

states: 1. He at all times has resided in San Francisco. The law requires him as Insurance Commissioner to keep an office

to testify or introduce evidence in proceeding, but such exhibits were promptly transmitted to and made a part of the said public file and record in his said principal office; and that the entire staff and records of the Division of Rate Regulation of the Department of Insurance which ~~staff~~ was charged with the duty of assisting and did assist, him in said proceeding are, and, ever since the establishment of said Division in the year 1948, have been, assigned to and located at his said principal office.

"4. That, at the trial in the above cause, defendant intends to call Richard O'Brien as his witness in said cause and that said witness will testify and he expects to prove by said witness

"(a) That said Richard O'Brien resides in the City and County of San Francisco or within thirty miles thereof and over three hundred miles from the County of Los Angeles;

"(b) That said O'Brien is now manager of California Inspection Rating Bureau and has for many years been employed as a full-time executive of that Bureau and is familiar with the custom and procedure in hearing and approval or issuance by the Insurance Commissioner of changes in the classification of rates and premiums relating to workmen's compensation insurance and the system of merit rating relating thereto;

"(c) That for many years last past the method of notifying workmen's compensation insurance companies of such changes has been by transmitting to said Bureau a complete copy of the Insurance Commissioner's order making such changes and said Bureau thereupon notified its members thereof;

"(d) That, on the 19th day of June, 1952, a complete and true copy of said Ruling Number 67 was received by said Bureau, at its office in the City and County of San Francisco, from the Insurance Commissioner; that said copy included a copy of 'Appendix B' to said ruling; that affiant has been advised by his said attorney, and verily believes, that said witness is a material and necessary witness for the proper proof of the material allegations of defendant's answer and the defense of defendant in this case, and that without the testimony of said witness defendant cannot safely proceed with the trial of said cause.

"5. That, at the trial in the above cause, defendant intends to call Rollo E. Fay as his witness in said cause and that said witness will testify, and he expects to prove by said witness:

"(a) That said witness mailed or caused to be mailed to persons duly representing plaintiffs State Compensation Insurance Fund, Guarantee Insurance Company, California Compensation Insurance Company, California Casualty Indemnity Exchange, and Pacific Employers' Insurance Company, true copies of each and every amendment to the petition requesting adoption of the 'rating plans', which plans with modifications, were approved by Ruling Number 67 of the Insurance Commissioner; that no requests for said copies were made, at the hearings thereon, to the Insurance Commissoner or to the persons who filed the petition, by plaintiffs Allied Insurance Company or Argonaut Insurance Company, although offer to supply such copies was made at said hearing by said persons.

"(b) That said witness resides within twenty miles of the City and County of San Francisco and more than three hundred miles from the County of Los Angeles; that affiant has been advised by his said attorney, and verily believes, that said witness is a material and necessary witness for the proper proof of the material allegations of defendant's answer and the defense of defendant in this case and that without the testimony of said witness defendant cannot safely proceed with the trial of said cause.''

in San Francisco, Sacramento, and Los Angeles. His principal office is in San Francisco. 2. He has fully and fairly stated the case to the attorney general and has been advised he has a good, substantial, and valid defense to the action. 3. The execution and promulgation of Ruling No. 67 occurred at his principal office. All the original records in the proceeding leading up to the making of Ruling No. 67 are in his principal office. The entire staff and records of the ''Division of Rate Regulation of the Department of Insurance'' which assisted him in the proceeding are assigned to and located in his principal office. 4. He intends to call Richard O'Brien as his witness at the trial of the action. O'Brien will testify, and he expects to prove by him that: (a) O'Brien resides in San Francisco or within 30 miles thereof; (b) O'Brien for many years has been manager of the California Inspection Rating Bureau; (c) for many years the method of notifying workmen's compensation insurance companies of changes in the classification of rates and premiums relating to workmen's compensation insurance and the system of merit rating relating thereto, has been by transmitting to the bureau a complete copy of the Insurance Commissioner's order making such changes and the bureau thereupon notifying its members thereof; (d) on June 19, 1952, a true and complete copy of Ruling No. 67 was received by the bureau at its office in San Francisco from the Insurance Commissioner. The copy included a copy of ''Appendix B'' to the ruling. 5. Defendant has been advised that he cannot safely proceed to trial without the testimony of O'Brien. 6. Defendant intends to call Rollo E. Fay as his witness at the trial. Fay will testify, and he expects to prove by him that: (a) Fay mailed or caused to be mailed to persons representing five of the plaintiffs true copies of each amendment to the petition requesting adoption of the ''rating plans,'' which, with modifications, were approved by Ruling No. 67; no requests for copies were made to the Insurance Commissioner or to the persons who filed the petition at the hearings by the other two plaintiffs; (b) Fay resides within 30 miles of San Francisco. 7. Defendant has been advised by his attorney that he cannot safely proceed to trial without the testimony of Fay. No counteraffidavit was filed.

Plaintiffs contend that the county of Los Angeles is the proper county for the trial of the action. They say the cause of action, or a part thereof, arose in the county of Los Angeles

and, therefore, it is the proper county for trial of the action under section 393, subdivision (b) of the Code of Civil Procedure; the law requires that Ruling No. 67 be filed with the Secretary of State in Sacramento, and under section 401 of the Code of Civil Procedure a suit attacking the ruling is triable in any county in which the attorney general maintains his office, which includes the county of Los Angeles; and that the showing was insufficient to establish that the convenience of witnesses and the ends of justice would be promoted by the change.

█ The order granting the motion did not specify the ground on which it was granted. If it is sustainable on either ground on which the motion was made, it must be affirmed. (*Gilman* v. *Nordin*, 112 Cal.App.2d 788, 793 [247 P.2d 394].) We have concluded it is sustainable on the ground that the convenience of witnesses and the ends of justice would be promoted by the change.

We must, of course, assume that the facts stated in the affidavit of defendant are true. The court may, on motion, change the place of trial "When the convenience of witnesses and the ends of justice would be promoted by the change." (Code Civ. Proc., § 397, subd. (3).) █ A motion for a change of venue on the ground that the convenience of witnesses and the ends of justice would be promoted by the change is committed to the sound discretion of the trial court and its determination will not be disturbed on review unless its clearly appears as a matter of law that there has been abuse of such discretion. (*Rice* v. *Schubert*, 101 Cal.App.2d 638, 642 [226 P.2d 50]; *Wood* v. *Silvers*, 35 Cal.App.2d 604, 607 [96 P.2d 366]; *Sowers* v. *Sowers*, 127 Cal.App. 579, 582 [16 P.2d 176].)

The facts in *Barclay* v. *Supreme Lodge O.F.B.*, 34 Cal.App. 426 [167 P. 701], were substantially the same as in the case at bar. Barclay was an appeal from an order changing the place of trial from the city and county of San Francisco to the county of Los Angeles. The suit was by beneficiary members of the defendant corporation seeking a decree enjoining the collection of certain assessments which had been levied against the plaintiffs and other members of the defendant pursuant to an amended bylaw revising and raising the rate of assessment which the plaintiffs and other members were originally subjected to, and which the plaintiffs alleged was illegally adopted by the defendant and without the consent of the plaintiffs. The court held that the order granting the

motion for a change of the place of trial to the county of Los Angeles, in which the defendant had its home office, on the ground of the convenience of witnesses and the promotion of the ends of justice, was a proper exercise of discretion where it was shown that all of the records of the defendant were kept in its home office.

It appears from the affidavit of defendant that all of the original records, including the exhibits, made and used in the proceeding comprising the notice and hearing prerequisite to the issuance of Ruling 67, were in his principal office in San Francisco; and that the entire staff and records of the Division of Rate Regulation of the Department of Insurance, which was charged with the duty of assisting, and which did assist him in the proceeding, are assigned to and located at his principal office. It appears from the answer that such division is charged with the duty of assisting defendant in his rate regulatory duties and that it assisted him in the preparation of Ruling 67. The principal offices of four of the seven plaintiffs are located in San Francisco. The pleadings disclose that the records of defendant are necessary evidence both in support of defendant's case and that of plaintiffs. The trial court was warranted in inferring from the pleadings and the affidavits of defendant that the evidence to be produced by both plaintiffs and defendants was more readily accessible in San Francisco where the principal office of the Department of Insurance is located, and could not be produced conveniently in Los Angeles. (See *People* v. *Plumas Eureka Mining Co.*, 51 Cal. 566.) The trial court was justified therefore, in concluding that the convenience of witnesses and the ends of justice would be promoted by the change.

Plaintiffs argue vigorously that the affidavit of defendant does not state any facts showing that either O'Brien or Fay would be inconvenienced by appearing as witnesses in the County of Los Angeles. The affidavit being sufficient in the particulars we have indicated, the question of whether it is sufficient with respect to the convenience of O'Brien and Fay is not material.

Since we have concluded that the order is sustainable on the ground that the convenience of witnesses and the ends of justice would be promoted by the change, we need not consider plaintiffs' further contentions that the county of Los Angeles is the proper place of trial under sections 393, subdivision (b), and 401 of the Code of Civil Procedure.

We are not prepared to say as a matter of law that the trial court abused its discretion in granting the motion.

Affirmed.

Wood (Parker), J., concurred.

Shinn, P. J., did not participate.

A petition for a rehearing was denied February 19, 1954, and appellants' petition for a hearing by the Supreme Court was denied March 25, 1954. Schauer, J., was of the opinion that the petition should be granted.