[Civ. No. 20970. Second Dist., Div. Two. Dec. 20, 1955.]

HOWARD MARSHALL et al., Appellants, v. D. D.
DUNLAP et al., Respondents.

A. J. Blackman for Appellants.

Betts, Ely & Loomis and James A. Williams for Respondents.

MOORE, P. J.—The sole question posed is whether the court below abused its discretion in ordering a change of place of trial on the ground of convenience of witnesses and the promotion of the ends of justice. (Code Civ. Proc., § 397, subd. 3.)

Appellants Marshall sued respondents in the Superior Court of Los Angeles County for the wrongful death of their parents. The amended complaint alleges that the deaths resulted from a collision of the Marshall automobile with a jeep of the Dunlaps negligently driven by one Spivey, agent of the Dunlaps, and that the accident occurred about 11 miles south of Indio in Riverside County.

When Spivey filed his answer on June 23, 1954, he filed his application for change of venue on the grounds of residence. His motion was denied. On August 11, 10 days after answering, the Dunlaps moved for a change of venue on the ground of convenience of witnesses.* On October 15, 1954, Dunlaps' motion was granted. This appeal is from the order granting the change.

Appellants contend that the rule against successive motions for a change of venue is applicable to the Dunlaps, citing *Yellow Mfg. Accept. Corp.* v. *Stoddard,* 93 Cal.App.2d 301 [208 P.2d 1040]. The cited authority is not applicable. It holds merely that a second motion for a change of venue should be discouraged if the complaint and the conditions remain the same. ■ Also, they cite Code of Civil Procedure, section 396, but that statute contains no rule against successive motions for change of venue. At the most, it might be interpreted as discouraging successive motions for change of venue, but this could only be subject to the discretion of the court. The second point is that the case cited by appellants is concerned with successive motions for change of venue on the grounds of nonresidence. Such is not the case here where Spivey's motion on the ground of residence was denied and respondents'

---

*Spivey filed a similar motion which was ordered off calendar.

motion based upon convenience of witnesses was granted. Furthermore, Spivey made the first motion for change of place of trial of the ground of his residence. Dunlaps' motion was on the ground of convenience of witnesses. Spivey's filing of a concurrent motion of similar tenor did not affect the Dunlap motion. Both desired the same thing at the time Dunlap filed his successful motion. █ As pointed out in *Smith* v. *Pelton Water Wheel Co.*, 151 Cal. 399, 401 [90 P. 932, 1135], an order denying a motion for change of venue is not a judgment subject to the doctrine of res judicata since a court has no jurisdiction to consider a renewal thereof. As the trial court has no right to reconsider a motion for change of venue, appellants' several arguments: (1) that respondents waived their rights to move a second time; (2) that they are estopped to deny that they appeared in the first motion, and (3) that they consented to the first ruling by the court—are not applicable to this decision.

Appellants contend that the proper amount of diligence was not used in bringing to trial Dunlaps' motion of August 11th. ██ While it is true that changes of venue are classed as dilatory moves, this fact of itself does not operate to prevent the court from passing on the motion or to deprive the court of the power to determine its merits. The determination of such questions necessarily rests in the sound discretion of the trial court. (*Barclay* v. *Supreme Lodge O. F. B.*, 34 Cal.App. 426, 429 [167 P. 701].) There is no showing that respondents were excessively dilatory in filing their motion, nor is any detriment shown to have been suffered by appellants by reason of respondents' failure sooner to make their application.

It is contended that respondents waived their right to file for a change of venue by having previously filed a demand for a jury trial, and that thereby respondents waived any right they may have had to try the case in another county. Appellants' authorities are not applicable to the point at bar. Each is concerned with the point under Code of Civil Procedure, section 396b that the defendant should file his motion for change of venue at the time he answers or demurs. Not one of the cited cases holds that a defendant who failed to file his motion for change of venue upon the ground of nonresidence, at the time he demurs, thereby waives his right to apply for a change of place of trial upon such ground. ██ Respondents' demand for a jury was merely a procedural step. Procedural steps do not imply a waiver of a party's right

to move for a change of venue. (*Gallo* v. *Boyle Mfg. Co., Inc.,* 30 Cal.App.2d 653, 655 [86 P.2d 1067].)

Appellants contend that the order appealed from is inconsistent with the court's order placing off calendar a like motion by defendant Spivey. ■ Where a court has entered its order granting a change of venue, it is without further jurisdiction to act in the matter. (*Refrigeration Discount Corp.* v. *Superior Court,* 91 Cal.App.2d 295, 296 [204 P.2d 932]; *Badella* v. *Miller,* 44 Cal.2d 81, 85 [279 P.2d 729].) When the case was ordered to Riverside County on Dunlaps' motion, Spivey was a beneficiary of that order, the same as the Dunlaps. (See *Retail Credit Assn.* v. *Superior Court,* 19 Cal. App.2d 457, 460 [65 P.2d 937].) Respondents' motion for a change of place of trial was granted October 15, 1954. The refusal of the court to act on Spivey's application for the same thing was not inconsistent with the order made in favor of the Dunlaps. Having already entered such order, the court correctly held that it thereby lost jurisdiction of the entire case. Any further order would have been a nullity. (*Refrigeration Discount Corp.* v. *Superior Court, supa.*)

■ The contention that the court abused its discretion in granting Dunlaps' motion is not supported by reason or authority. Abundant evidence proved that no witness to the accident resides or works in Los Angeles County; that 13 of such witnesses reside near Indio, 130 miles from the city of Los Angeles, and one resides in Riverside County, over 70 miles away; that two other witnesses reside in Indio and Coachella, and that their testimony is material and important. That they would be inconvenienced is shown by the fact that about 260 miles of travel, days of absence from home and business for them to go to Los Angeles, whereas only short distances of travel and insignificant absences from their businesses will follow attendance on court at Indio. It is just this very convenience of witnesses that requires a change of place of trial and not the fact that they reside in another county, or at a great distance from the court. The convenience of the witnesses in attending the trial and the promotion of the ends of justice are the things to be decided. In making such decision, the superior court is vested with a wide discretion. Nothing has been suggested that indicates an abuse of discretion by that court. On the contrary, the numerous affidavits of the witnesses to the accident are substantial support for the order. (*Gordon* v. *Perkins,* 203 Cal. 183, 186 [263 P. 231]; *Barclay* v.

*Supreme Lodge O.F.B.*, 34 Cal.App. 426, 429 [167 P. 701];
*Willingham* v. *Pecora,* 44 Cal.App.2d 289, 293 [112 P.2d 328].)

 It was not error to transfer the cause to Department 4 of the Superior Court of Riverside County at Indio. The rules of that court provide that the court business of Department 4 shall include all actions arising within the jurisdiction of Department 4.* Appellants' alleged cause arose there, just 11 and 7/10th miles south of Indio. The order of transference is in accordance with such rules.

The contention with reference to the witness Latham Moore is inane. Appellants did not stipulate to the truth of all the contents of his affidavit. He is only one of 18 witnesses of the Indio community. Even if his affidavit had been accepted in toto as his testimony, the order is supported by a galaxy of witnesses who must supply the court with apparently over 90 per cent of the evidence to be offered by respondents.

Order affirmed.

Fox, J., and Ashburn, J. pro tem.,† concurred.

_____

*There are exceptions not applicable here.
†Assigned by Chairman of Judicial Council.