947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert J. HENDERSON; Anita E. Henderson, Plaintiffs-Appellees,
v.
Robert GRUNTZ, Defendant,
v.
Charlene WEIR, Third-party defendant-counter-claimant-Appellant.
 No. 89-55230.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Oct. 25, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charlene Weir Gruntz (Weir) appeals from the magistrate judge's order denying her ex parte application to release certain property seized pursuant to a writ of execution. The district court granted Robert and Anita Henderson (the Hendersons) a default judgment against Robert Gruntz (Gruntz), Weir's husband, and issued a writ of execution upon a racehorse owned by Gruntz to satisfy the judgment. Weir asserts that she, not Gruntz, owns the racehorse and that the magistrate judge erred in denying her application. We affirm.
 
 
 3
 The Hendersons moved this court to dismiss Weir's appeal as untimely. They argued that Weir had failed to appeal the final judgment on her third party claim within 30 days. Fed.R.App.P. 4(a)(1). However, we construed Weir's ex parte application as a motion to reconsider the judgment pursuant to Fed.R.Civ.P. 60(b) and held that her appeal was timely filed. Accordingly, we treat Weir's appeal as an appeal from a denied Rule 60(b) motion.
 
 
 4
 A decision regarding a motion to reconsider pursuant to Fed.R.Civ.P. 60(b) is reviewed for an abuse of discretion. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989).
 
 DISCUSSION
 
 5
 Weir cannot challenge the magistrate judge's underlying decision on her third party claim because she failed to file notice of appeal of that determination within the 30 day limit of Fed.R.App.P. 4(a)(1). The appeal of a court's denial of a Rule 60(b) motion does not bring up the underlying judgment for review; only the decision on the 60(b) motion will be reviewed for an abuse of discretion. Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991); Cel-A-Pak v. California Agric. Labor Relations Bd., 680 F.2d 664, 668 (9th Cir.), cert. denied, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982).
 
 
 6
 Weir contends that the California codes pursuant to which her third party claim was heard[1] provide for a summary proceeding that did not empower the magistrate judge to determine ownership of the seized property, and she contends that the proceeding denied her due process. As a result, she claims, the decision was void. Fed.R.Civ.P. 60(b)(4).
 
 
 7
 The California codes governing executions of judgments enable courts to "give a quick and effectual remedy to third parties whose property has been levied on by mistake and to protect the officer who makes such levy." Rubin v. Barasch, 275 Cal.App.2d 835, 836-37, 80 Cal.Rptr. 337, 339 (1969). A hearing is held to determine the validity of the third party claim. Cal.Civ.Proc.Code § 720.310 et seq. The third party claimant may present evidence and testimony to establish ownership; the judgment creditor and judgment debtor may cross-examine the third party claimant's witnesses and present other evidence to rebut the claim. The court's determination of ownership at the close of the hearing is conclusive between the parties to the proceeding. Cal.Civ.Proc.Code § 720.390; Embree Uranium Co. v. Liebel, 169 Cal.App.2d 256, 258-59, 337 P.2d 159 (1959).
 
 
 8
 The California courts have long held that the state's judgment execution law does not deny third party claimants due process. In McCoy v. Justice's Court, 23 Cal.App.2d 99, 101-102, 71 P.2d 1115 (1937), the California Court of Appeal held that Cal.Civ.Proc.Code § 689, the predecessor statute to the current code sections governing third party claims, satisfied due process. See also, Fulton v. Webb, 39 Cal.App.2d 509, 512, 103 P.2d 596 (1940). Weir points to no authority which declares that third party claimants are entitled to all of the accounterments of full-blown litigation.[2] "The third party claimant chose her remedy and has had her day in court." Fulton, 39 Cal.App.2d at 512.
 
 
 9
 The magistrate judge conducted a hearing under California law and determined that Weir did not own the horse. Weir did not appeal. That judgment is not void.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Federal Rules of Civil Procedure do not provide for the execution of levies to satisfy money judgments. Therefore, state law governs the practice and procedure to be followed in the execution of a money judgment. Fed.R.Civ.P. 69(a). In this case, California law, Cal.Civ.Proc.Code § 680.010 et seq. governs
 
 
 [2]
 In fact, section 720.410 expressly denies third-party claimants the right to a jury trial